**SLATTERY v. MARRA BROS., Inc. (WM. SPENCER & SON CORPORATION, Third-Party Defendant).**

United States District Court
S. D. New York.
March 21, 1950.
On Motion to Revise or Vacate May 5, 1950.

Abraham M. Fisch, New York City, for plaintiff.

Purdy, Lamb & Catoggio, New York City, for defendant Marra Bros., Inc. Edmund F. Lamb, Thomas J. Irving, New York City, of counsel.

Charles Landesman, New York City, for third-party defendant Wm. Spencer & Son Corporation.

CONGER, District Judge.

This is a motion by the third-party defendant, William Spencer & Son Corporation, to dismiss the amended third-party complaint of Marra Bros., Inc.

Judge Rifkind dismissed the original third-party complaint from the Bench, so that no written expression of his reasons is available. It goes without saying, however, that he was unable to find allegations clearly imposing liability upon the third-party defendant for the matters asserted against the third-party plaintiff.

The plaintiff, an employee of the third-party defendant (Spencer) was injured when a door on Pier 2, Hoboken, fell upon him. His complaint alleges that the accident was caused by the negligence of Marra in that as tenant in possession of said pier, it negligently and improperly maintained a door thereon and failed to provide proper appliances, etc. The third-party defendant (Spencer) was impleaded upon the theory that Marra's liability was occasioned by the primary fault of Spencer in that the employees of Spencer negligently and improperly opened and secured the said door in an open position and employed therefor defective and dangerous appliances for said purpose.

The amended third-party complaint is not substantially different than the original, except that it more precisely alleges the relationship between Marra and Spencer.

Marra's theory in asserting liability over against Spencer is simply this: that the third-party defendant is obligated under the common law as a primary active tort-feasor to indemnify the third-party plaintiff, a merely passive secondary tort-feasor. In support of this proposition, Marra cites Rich v. U. S., 2 Cir., 1949, 177 F.2d 688, and other Federal cases as well as cases from New Jersey, where the accident occurred.

The Rich case was a suit in admiralty in which the Court decided that the United States, the shipowner, could implead the libellant's employer despite the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. But there was no question of the right of the United States to implead the third party, aside from the bar of the Act, for the third party was primarily liable for the injuries in suit, while the United States, which was only constructively negligent, was obligated for the negligence of the third party solely by reason of a shipowner's nondelegable duty to maintain a seaworthy vessel. As the Supreme Court said in Seas Shipping Co. v. Sieracki, 328 U. S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, in discussing this duty: "It is essentially a species of liability without fault, analogous to other well known instances in our law. Derived from and shaped to meet the hazards which performing the service imposes, the liability is neither limited by conceptions of negligence nor contractual in character [cases cited]. It is a form of absolute duty owing to all within the range of its humanitarian policy." 328 U.S. at page 94, 66 S.Ct. at page 877.

The other cases cited by the third-party plaintiff, including Burris v. American Chicle Co., 2 Cir., 1941, 120 F.2d 218, and Standard Oil Company v. Robbins Dry Dock & Repair Company, 2 Cir., 1929, 32 F.2d 182, involved nondelegable obligations imposed by law, but no case cited by the third-party plaintiff stands for the proposition advanced.

On the other hand it is well settled in New Jersey and in New York that an owner, lessee or other occupier of land cannot be held liable for the negligent acts of third persons unless it has some independent duty imposed by statute or one

created by common law because the work being performed is inherently dangerous or a nuisance per se. See Cuff v. Newark & N. Y. R. Co., 35 N.J.L. 17, 10 Am. Rep. 205; Sarno v. Gulf Refining Co., 99 N.J.L. 340, 124 A. 145, affirmed 102 N.J.L. 223, 130 A. 919; Burke v. Ireland, 166 N.Y. 305, 59 N.E. 914; Herman v. City of Buffalo, 214 N.Y. 316, 108 N.E. 451.

In all logic, therefore, there can be no basis for liability over on the part of Spencer under the allegations of the amended third-party complaint.

If the plaintiff obtains a recovery against Marra upon his complaint it will be by reason of Marra's negligence in maintaining a defective door. In other words, Marra will have violated obligations owing to business visitors, etc. In this situation Marra can have no claim over against Spencer for its own negligence. Further, if the accident was created by the negligence of Spencer, then Marra will be absolved and no need for recovery against Spencer will arise.

I have not discussed the possibility of the parties being joint tort-feasors and its effect for the reason that the third-party defendant repudiates any idea of contribution.

■ In view of all this it is plain that the amended third-party complaint is defective for failure to allege facts indicating Marra's possible liability to plaintiff upon the basis of a nondelegable obligation of which the failure to discharge would constitute passive or constructive negligence.

The motion to dismiss is granted.

Settle order.

### On Motion to Revise or Vacate

Motion made by the attorneys for defendant and third-party plaintiff for an order revising or vacating the order entered herein the 28th day of March, 1950, dismissing the third-party complaint on the merits without leave to serve and file a further amended third-party complaint herein, or in the alternative granting a rehearing of the motion to dismiss the third-party complaint.

The defendant and third-party plaintiff appealed to the U. S. Court of Appeals for the Second Circuit from the above order. The record on appeal was filed in the office of the clerk of the U. S. Court of Appeals on April 12, 1950.

The third-party defendant, appellee, moved before the U. S. Court of Appeals to dismiss the appeal. The motion was argued on May 1, 1950 and resulted in a decision dismissing the appeal because the order entered herein on the 28th day of March, 1950 was not a final judgment within the meaning of Fed.Rules Civ.Proc. rule 54(b), as amended, 28 U.S.C.A., since there was no express determination by this Court that there is no just reason for delay.

The application before me in essence is to amend the original order so as to insert therein the words "that there is no just reason for delay." Defendant and third-party plaintiff contend the addition of these words or these words in substance will make the order of March 28, 1950 a final judgment from which an appeal may be taken.

Assuming that I have the right and authority to include the aforesaid words in it, I feel that I should not do so. This is an action for personal injuries brought by the plaintiff to recover for injuries received by him on June 13, 1949. I am told that he is severely injured. He applied for a preference and received one. The case was originally set for December, 1949 but for some reason or other had to go over and the trial of the case has now definitely been set for May 22, 1950.

■ I feel that the rights of the plaintiff herein should be considered seriously. Were I to grant the request of the defendant and third-party plaintiff it would mean the entry of a new order, a new notice of appeal and perhaps a new record for the Appellate Court. Certainly the trial would be delayed greatly and perhaps would have to be put over until the fall. The plaintiff is entitled to a speedy trial which the Court has granted him. I, therefore, feel I should deny the motion.

Motion denied.