**FLEGENHEIMER v. MANITOBA SUGAR CO., Ltd., et al.**

**No. 196, Docket 21602.**

United States Court of Appeals Second Circuit.

Argued May 8, 1950.

Decided June 7, 1950.

Bailey & Bailey and A. P. Feen, Burlington Vt., for appellant.

Guy M. Page, Burlington, Vt., for appellee.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

This is an action for alleged breach of an employment contract brought in the County Court for Chittenden County, Vermont, and removed on the ground of diverse citizenship. The suit was commenced by attaching property of Manitoba Sugar Company, Ltd., a Canadian corporation, stored in warehouses of two railroads which were summoned as trustees and made disclosure. Manitoba moved to quash the service and that motion is still pending. General Mills, Inc., Larrowe Division, intervened and filed a claim for the goods purportedly attached and referred to in the disclosure of the trustees. After trial to the court, its claim was dismissed. It has appealed.

Although neither party has questioned the appealability of the order of dismissal, we are constrained to do so of our own motion since it involves the jurisdiction of this court. Rule 54(b) of Federal Rules of Civil Procedure, 28 U.S.C.A. provides: "(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at

any time before the entry of judgment adjudicating all the claims."

Under this Rule it seems clear that the judgment is interlocutory since the court made no "express determination" and "express direction" as required to make the judgment final. Indeed, it appears that the court did not consider it final since finding 23, as amended, recites that "By stipulation, the proof of Canadian law was reserved to be presented, if and when it becomes material." The order of dismissal was entered on December 15, 1948 and the order amending certain of the findings on January 18, 1949. Rule 54(b), as amended, became operative three months subsequent to December 19, 1947. The action, commenced in 1944, was then pending. As stated in Rule 86(b), the amendments govern "all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies." The district court made no determination that it would not be feasible or would work injustice to apply Rule 54(b), as amended to further proceedings in the pending action. Assuming *arguendo* that the appellate court might make such a determination when the trial court has failed to do so, we see no reason for holding that application of the amendment is either not feasible or unjust. There is still pending in the action a motion by Manitoba to quash the service. If that motion should be granted, the present appeal by the third-party claimant might become moot. Even if that motion were denied the plaintiff might fail to establish its claim on the merits, and in that event also the present appeal might prove to be unnecessary. In short, we see no reason why the amendment should not be applied to the order of dismissal entered on December 15, 1948 and reaffirmed on January 18, 1949.

For the foregoing reasons we hold that the order on appeal is interlocutory and so not within our appellate jurisdiction.[1] Appeal dismissed.

1.  See Lo Bue v. United States, 2 Cir., 178 F.2d 528; Etten v. Kauffman, 3 Cir., 179 F.2d 302; Schiel v. New York Life Ins. Co., 9 Cir., 178 F.2d 729; Winsor v. Daumit, 7 Cir., 179 F.2d 475; Moore's Commentary on U. S. Judicial Code, p. 515.