Nicola **PANICHELLA**

v.

**PENNSYLVANIA RAILROAD COMPANY, Appellant (Warner Brothers Pictures, Inc., a Corporation).**

No. 12292.

United States Court of Appeals Third Circuit.

Argued Dec. 17, 1957.

Decided Feb. 12, 1958.

John David Rhodes, Pittsburgh, Pa. (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellant.

J. Lawrence McBride, Pittsburgh, Pa. (Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

On this appeal we find it appropriate to consider a procedural question raised by the election of the trial judge to enter an order under Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.,[1] making the disposition of a third-party claim immediately appealable while the principal claim to which that third-party claim is incidental remains undecided.

The original plaintiff, Nicola Panichella, who is not a party to this appeal, sued his employer, the Pennsylvania Railroad, for negligent injury under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Panichella claimed that an injurious fall on a sidewalk abutting premises of Warner Brothers Pictures, Inc., had been caused, in whole or

---

1. Rule 54

\* \* \* \* \* \*

"(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

in part, by negligence of the Railroad. The defendant Railroad then brought the landowner, Warner Brothers Pictures, Inc., into the suit through a third-party complaint asserting that fault of Warner was such a responsible cause of the accident as entitled the Railroad to contribution. As third-party defendant, Warner moved for summary judgment against the Railroad. As principal defendant, the Railroad moved for summary judgment against Panichella. Both motions were based upon a release which Panichella had given to Warner reciting that for and in consideration of $1,375 Panichella released "Warner Brothers Pictures, Incorporated, and his, her, their and its successors and assigns, heirs, executors, administrators, and all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof, resulting, and to result, from a certain accident which happened on or about the 14th day of December, 1950, for which I have claimed the said Warner Brothers Pictures, Incorporated, to be legally liable, which liability is hereby expressly denied." [150 F.Supp. 79, at 80]

The district court dealt with both motions in a single opinion ruling that this release of Warner "and all other persons * * * from any and all claims" growing out of the accident did not bar Panichella's F.E.L.A. claim arising out of the accident in question against the Railroad. At the same time, the court ruled that the release did bar claims against Warner for contribution as well as claims charging Warner with primary liability. Accordingly, the motion of the Railroad for summary judgment was denied and the primary claim of Panichella against the Railroad now awaits trial in the district court. Warner, however, was granted summary judgment relieving it of any liability over on the Railroad's third-party claim against it.

Thereafter, acting under Rule 54(b), the district court made "an express determination that there is no just reason for delay" in entering forthwith an appealable final judgment, and undertook to enter such a judgment, rather than leaving the question of liability over for appellate review with all other contested matters after trial disposition of the entire litigation.

■ The discretion which Rule 54(b) confers upon a trial judge is not absolute. "[A]ny abuse of that discretion remains reviewable by the Court of Appeals." See Sears, Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 437, 76 S.Ct. 895, 901, 100 L.Ed. 1297. Cf. Cold Metal Process Co. v. United Engineering & Foundry Co., 1956, 351 U.S. 445, 452, 76 S.Ct. 904, 100 L.Ed. 1311; Cott Beverage Corp. v. Canada Dry Ginger Ale, Inc., 2 Cir., 1957, 243 F.2d 795, 796. However, the Supreme Court has not suggested any guide to judgment whether a 54(b) order reflects a proper exercise of discretion. This is our first consideration of that problem.

■ We start with the familiar and generally accepted conception that Section 1291 of Title 28 of the United States Code, limiting the normal jurisdiction of courts of appeal to the reviewing of final judgments, has jurisprudential significance beyond mere technicality. It is an authoritative application and implementation of a basic and persisting policy against piecemeal appeals. See Cobbledick v. United States, 1940, 309 U.S. 323, 324–326, 60 S.Ct. 540, 84 L.Ed. 783. Rule 54(b) attempts to make a reasonable accommodation between that policy and those problems of the timing of review which have been accentuated by the liberalized joinder of claims, counterclaims, cross-claims and third-party claims in one law suit, as permitted and encouraged by the present Rules of Civil Procedure. See Dickinson v. Petroleum Conversion Corp., 1950, 338 U.S. 507, 511–512, 70 S.Ct. 322, 94 L.Ed. 299.

Thus, the procedure contemplated by Rule 54(b) is usually more than a formality. Perhaps it can properly be viewed as mere formality, albeit an essential prerequisite of immediate appeal, in those cases where it is clear that the disposition of a portion of the litigation has been such as would clearly have constituted an appealable final judgment under Section 1291 of Title 28 before the adoption of the Rules of Civil Procedure. But otherwise and ordinarily an application for a 54(b) order requires the trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize "the exercise of a discretionary power to afford a remedy in the infrequent harsh case * * *." 28 U.S.C. A., Federal Rules of Civil Procedure, 118–119 note. It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only "in the infrequent harsh case" as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule. See 6 Moore, Federal Practice, 1953, 264–65.

Thus evaluated the present occasion was clearly not an appropriate one for entering a special order under Rule 54(b). First, the third-party claim is so completely incidental to and dependent upon the principal claim that there can be no recovery upon the third-party claim unless the plaintiff shall prevail on the principal claim. The entire matter which is presented on this appeal will become moot if for any reason Panichella does not recover against the Railroad. This in itself is a distinct argument of substantial weight supporting the normal postponement of review until the entire case shall be decided. Cf. Flegenheimer v. Manitoba Sugar Co., Ltd., 2 Cir., 1950, 182 F.2d 742; and see Baltimore & O. Ry. Co. v. United Fuel Gas Co., 4 Cir., 1946, 154 F.2d 545, 546–547.

Second, the legal effect of the release is in dispute between Panichella and the Railroad and also between the Railroad and Warner. Since Panichella is not a party to this appeal, no ruling as to the meaning or effect of the release which we might make now could or should become res judicata between the principal parties. The matter would have to be considered a second time. These considerations point to the desirability of a single appellate consideration of the effect of the release when all of the interested parties are before the court, rather than in the absence of one who is primarily concerned. Cf. Luria Bros. & Co. v. Rosenfeld, 9 Cir., 1957, 244 F.2d 192, 194.

Third, as a practical matter the taking of an appeal on the third-party claim at this stage serves to delay the trial of the principal claim without in any way either simplifying or facilitating its future litigation. Cf. Slattery v. Marra Bros., D.C.S.D.N.Y.1950, 92 F.Supp. 534. If, on the other hand, the trial of the principal claim should not be postponed pending this appeal, there would not be even a colorable argument for authorizing an appeal at this time. For the claimed advantage of this proceeding is the preservation of the possibility that, in the event the appeal succeeds, the merits of the principal claim and the merits of the third party claim can be tried together.

To state these factors is to make it apparent that, far from presenting hardship or unfairness justifying discretionary departure from the normal rule as to the time of appeal, this case bristles with considerations which reinforce the normal rule. We think the District Court did not view in proper perspective the problem presented by an application for a special order under Rule 54(b). Had it done so, we think it could not have avoided the conclusion that the application should be denied.

We conclude that the order entered under Rule 54(b) was not a proper exercise of discretion and that it should be vacated so that the order granting summary judgment on the third-party claim may be restored on the record to its original interlocutory status, with the potentiality of a later appeal if occasion should arise after final judgment.

The cause shall be remanded to the district court with direction to vacate the order entered April 26, 1957 under Rule 54(b).