COLUMBIA BROADCASTING SYSTEM, INC., Plaintiff-Appellee,

v.

AMANA REFRIGERATION, INC., Defendant-Appellant.

No. 12639.

United States Court of Appeals Seventh Circuit.

Oct. 20, 1959.

Rehearing Denied Nov. 24, 1959.

Hastings, Chief Judge, dissented.

John P. Ryan, Jr., L. M. McBride, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for Amana Refrigeration, Inc., defendant-appellant.

Hammond E. Chaffetz, Howard Ellis, Thomas M. Thomas, David Parson, Chicago, Ill., for plaintiff-appellee, Kirkland,

Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., Cravath, Swaine & Moore, Bruce Bromley, Ralph L. McAfee, Charles G. Moerdler, New York City, Thomas D. Barr, New York City, of counsel.

Before HASTINGS, Chief Judge, and PARKINSON and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Columbia Broadcasting System, Inc., plaintiff-appellee (CBS) brought a diversity action against Amana Refrigeration, Inc., (Amana) for $284,545.21 alleged to be due under agreements for the production and broadcasting of a television program by CBS under Amana's sponsorship over certain broadcasting stations affiliated with the CBS television network. Amana's answer contained a counterclaim setting forth three alleged anti-trust law violations by CBS in connection with the transactions upon which the action brought by CBS was predicated. The counterclaim charged that Amana was damaged by alleged action of CBS (1) granting greater discounts to favored advertisers, competitors of Amana, in violation of 15 U.S.C.A. § 13(a), (2) requiring as a condition of the broadcasts that Amana agree to sponsor the program over a specific group of television stations designated by CBS in violation of 15 U.S.C.A. § 1 and § 14, and (3) requiring as a condition of the broadcasts that Amana agree to sponsor a program in which CBS had a financial interest in violation 15 U.S.C.A. § 1 and § 14. Treble damages were sought.

CBS moved to dismiss the first of the three parts of the counterclaim on the ground that 15 U.S.C.A. § 13(a) was inapplicable. It filed a reply to the balance of the counterclaim. The District Court found for CBS on its motion to dismiss and entered an order of dismissal as to the "first cause of action of the counterclaim". Thereafter, Amana applied to the District Court for a certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., declaring that there is "no just reason for delay" and moving the court to direct the entry of "final judgment". The District Court granted Amana's application for certification over the objection of CBS. Amana filed its notice of appeal from the order of dismissal. CBS filed a motion to dismiss the appeal on the grounds that the order below was not a final order and that the requirement of Rule 54(b) that there be no just reason for delay is not satisfied. The motion to dismiss the appeal was taken with the case.

The District Court's determination does not preclude review by us, Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297. Apart from consideration of the question of whether the part of the counterclaim dismissed constituted a "claim for relief" within the meaning of Rule 54(b), it is our opinion that the District Court's determination that there was no just reason for delay was an abuse of discretion.

The question of whether there was a basis for the determination by the District Court that there is no just reason for delaying review of the dismissal of the portion of the counterclaim until after final judgment had been rendered on the claim of CBS and the other parts of Amana's counterclaim must be determined in the light of the traditional, deeply-rooted and wisely sanctioned principle against piecemeal appeals. Rule 54(b) is designed to make an accommodation between that policy and the problems of the timing of review which have arisen under the liberalized joinder of claims, counterclaims, cross-claims and third party claims in one suit permitted by modern procedural rules. In this connection the following observations made in Panichella v. Pennsylvania Railroad Co., 3 Cir., 252 F.2d 452, 455, are pertinent:

"Thus, the procedure contemplated by Rule 54(b) is usually more than a formality. Perhaps it can properly be viewed as mere formality, albeit an essential prerequisite of immediate appeal, in those cases

where it is clear that the disposition of a portion of the litigation has been such as would clearly have constituted an appealable final judgment under Section 1291 of Title 28 before the adoption of the Rules of Civil Procedure. But otherwise and ordinarily an application for a 54 (b) order requires the trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case * * *.' 28 U.S.C.A., Federal Rules of Civil Procedure, 118–119 note. It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule. See 6 Moore, Federal Practice, 1953, 264–65."

■ Evaluated by the above standard the instant case was clearly not an appropriate one for entering a special order under Rule 54(b). The prosecution of an appeal from the order dismissing the portion of the counterclaim serves to delay the trial of the principal claim and remaining portions of the counterclaim without in any way either simplifying or facilitating the conduct of the future litigation. The instant case presents no hardship or unfairness which would justify discretionary departure from the normal rule as to the time of the appeal.

We conclude that the order entered under Rule 54(b) did not constitute a proper exercise of discretion. It should be vacated so that the order dismissing the portion of the counterclaim may be restored to an interlocutory status which would permit a later appeal if occasion should arise upon final disposition of the cause.

This appeal is dismissed and the cause remanded to the District Court with directions to vacate the order entered under Rule 54(b).

HASTINGS, Chief Judge (dissenting).

In the action below, Amana filed an answer to the complaint of CBS by way of a counterclaim alleging therein three separate causes of action, designated, respectively, as the First, Second and Third "Cause of Action." The First Cause of Action alleges a violation of Section 2(a) of the Robinson-Patman Act, 15 U.S.C.A. § 13(a), predicated on an alleged price discrimination by CBS. The Second and Third Causes of Action allege a violation of both Section 3 of the Clayton Act and Section 1 of the Sherman Act, 15 U.S.C.A. § 14 and § 1, predicated, respectively, on two "tying" practices engaged in by CBS: (1) The "must buy" policy, whereby each sponsor, as a condition of purchasing any television time over the CBS network, must agree to purchase such time over a specified group of television stations and is thereby denied the opportunity of choosing those stations which he deems best suited to his marketing objectives; and (2) the policy of refusing to sell network time to a prospective sponsor unless such sponsor agrees to purchase a program in which CBS has a financial interest instead of an independently-owned program of the sponsor's own choice.

The district court sustained the motion of CBS to dismiss the First Cause of Action of the counterclaim on the ground that it failed to state a claim upon which relief could be granted, that is, that Section 2(a) of the Robinson-Patman Act is not applicable to the television network services rendered by CBS to Amana. Or, as the district court stated in its order of dismissal, " * * * the word 'commodity' as therein [15

U.S.C.A. § 13(a)] used relates only to articles of merchandise—goods, wares and merchandise—in short, anything having the attribute of tangible existence—and cannot be construed so as to include the concept of network television time."

Following dismissal of the First Cause of Action in its counterclaim, Amana elected not to amend and moved for entry of final judgment thereon. The district court found that such First Cause of Action constituted a claim for relief separate and distinct from the other two claims in the counterclaim; that its order of dismissal constituted a final decision dispositive of such claim; that "there is no just reason for delay;" and it entered final judgment dismissing the claim with prejudice, all over objection of CBS. The certification by the district court was made pursuant to and in full compliance with the provisions of Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A. On April 27, 1959, Amana filed a timely notice of appeal from the order of dismissal.

On June 9, 1959 CBS filed its motion to dismiss this appeal on the grounds: (1) that the order below is not a "final" order within the definition of 28 U.S. C.A. § 1291 and Rule 54(b) of the Federal Rules of Civil Procedure; and (2) that the requirement of Rule 54(b) that there be no just reason for delay is not satisfied. On June 19, 1959, our court entered an order that the motion of CBS to dismiss this appeal be continued and taken with the case on its merits. Thereafter, the case was fully briefed on its merits by both parties and on September 24, 1959, was heard by this court both on the motion to dismiss the appeal and on the merits.

The majority is moved to dispose of this appeal by granting the motion of dismissal on the second ground thereof, holding that "the District Court's determination that there was no just reason for delay was an abuse of discretion." The majority did not pass upon the first ground asserted for dismissal, i. e., whether the First Cause of Action of the counterclaim constituted a "claim for relief" within the meaning of 28 U.S.C.A. § 1291 and Rule 54(b).

I find myself in disagreement with the disposition made of this appeal by the majority. In my judgment the claim dismissed was clearly a "claim for relief" within the meaning of Rule 54 (b); and its dismissal constituted a "final decision" on that claim pursuant to 28 U.S.C.A. § 1291, under the recent holdings of the Supreme Court of the United States in Sears, Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 and Cold Metal Process Co. v. United Co., 1956, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311.

This leads us then to a consideration of whether the district court was guilty of an abuse of discretion. Mr. Justice Burton, in Sears, Roebuck, 351 U.S. at page 437, 76 S.Ct. at page 900, said:

"* * * But the District Court *may*, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions. The timing of such a release is, with good reason, vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay. With equally good reason, any abuse of that discretion remains reviewable by the Court of Appeals."

I agree that in considering this problem we cannot lose sight "of the traditional, deeply-rooted and wisely sanctioned principle against piecemeal appeals." Applying the standard announced in Panichella v. Pennsylvania Railroad Co., 3 Cir., 1958, 252 F.2d 452, 455, the "infrequent harsh case" rule, the majority then concludes:

"* * * The prosecution of an appeal from the order dismissing the portion of the counterclaim serves to delay the trial of the principal claim and remaining portions

of the counterclaim without in any way either simplifying or facilitating the conduct of the future litigation. The instant case presents no hardship or unfairness which would justify discretionary departure from the normal rule as to the time of the appeal."

It is with this conclusion that I disagree. This case is now remanded to the district court for trial on the issues drawn on the plaintiff's principal claim for damages and defendant's remaining two claims under its counterclaim. On appeal from the result of that trial Amana may again challenge the merits of the dismissal of its first claim, as it attempted to do in the case at bar. If it is successful in that effort, a reversal will send the case back again for a second trial with its attendant pre-trial proceedings and resulting additional delay and cost to Amana. The *possibility* of this occurrence can be avoided by the simple expedient of determining this appeal on its merits *now*.

It does not appear that real harm will result in the delay occasioned by the *disposition* of this appeal on its merits at this time. CBS admits that Amana paid $252,430.94 on its claim of $284,-545.21 at the time of filing its answer, leaving the remaining disputed balance of $32,114.27 for trial on the complaint. It is shown that CBS has deferred taking depositions and requiring Amana to answer interrogatories until the conclusion of the motion to dismiss Amana's first claim.

Without in any sense indicating the disposition I would make of it, it is my judgment that a determination of this appeal on its merits at this time would serve to simplify and facilitate the conduct of the future litigation in this case, and that to fail to do so will result in hardship and unfairness to *both* parties. The case has been fully briefed and argued before us on the merits, and we will never be in better position to decide the important principal issue before us than we are at this time. To do so is to give effect to the plain import of the holding in Sears, Roebuck & Co. v. Mackey, supra.

I would hold that the district court did not abuse its discretion in entering its order under Rule 54(b) and would deny the motion to dismiss this appeal and then proceed to determine the appeal on its merits at this time.