Owen McGivern, J.
Before the court is a motion by the defendant, II. Muehlstein & Co., Inc., for dismissal for insufficiency of the cross claims of the defendant Luckenbach Steamship Co., Inc., and of the cross claim of the defendant Atlantic Ship Rigging Co., Inc., and a motion by defendant Atlantic Ship Rigging Co., Inc., for dismissal for insufficiency of the cross claims o-f the defendant Luckenbach Steamship Co., Inc., and o-f the cross claim of Muehlstein.
The several plaintiffs seek to recover damages occasioned by lire. It appears, from the pleadings, that the defendant Luckenbach had leased a pier operated, maintained and controlled and used for loading and unloading and storage of cargo, and that Luckenbach had contracted with Atlantic for the repair of cargo-handling equipment. It is alleged that Atlantic, with Luckenbach ?s consent used torches to perform the work. On November 7, 1956 Muehlstein delivered to the pier and there were on the pier 705 burlap bags containing ground foam rubber scrap stored by Luckenbach on the pier. *792 Luckenbach refused to load the bags as intended for transportation because the material was packed in defective, worn, broken and deteriorated bags. Between November 7,1956 and December 3,1956 the bags broke open and the contents fell and spilled and scattered about the pier deck and the apron, of which Luckenbach and Atlantic had full knowledge or should have had in the exercise of reasonable care. On December 3, 1956 Atlantic was working in the vicinity of the place where the ground foam rubber scrap was stored and scattered. At such time, with the knowledge and consent of Luckenbach, Atlantic was using one or more oxyacetylene torches, from which sparks of molten metal fell to the pier deck and pier apron, at and in the vicinity of the scrap on the pier deck or apron.
It is further alleged in plaintiffs’ complaint that the rubber scrap was highly inflammable and combustible and would readily ignite upon contact with or in close proximity to heat or fire and thereafter would burn with great rapidity. At the same time, it is said, there were stored upon the pier large quantities of other highly combustible, inflammable and explosive materials, as described in the complaint, all to the knowledge of Luckenbach and Atlantic. It is alleged further, that such combustible, inflammable, and explosive materials constituted a hazard and a danger to the pier, to persons working thereon, to cargo and to persons and property in the vicinity of the pier; that this was in careless, negligent, reckless and flagrant disregard of legal requirements, regulations and rules in connection with the use of torches in the heating, burning and cutting of metal parts of the cargo-handling equipment, and that the defendants failed to provide adequate shields, safeguards or coverings to prevent the spreading, flying and spraying of sparks and molten metal from such torches and from falling upon the pier deck and apron and upon or near highly combustible, inflammable and explosive cargoes negligently maintained and stored by Luckenbach.
It is further alleged that on and prior to December 3, 1956,' while Luckenbach knew, or in the exercise of reasonable care should have known of the inherent danger, it took no action to halt the operations or to compel Atlantic to use reasonable care to avoid the falling of sparks and pieces of molten metal, and negligently maintained and stored on the pier in proximity to such operations large quantities of combustible, inflammable and explosive cargo including the foam rubber scrap scattered about the deck and apron, and failed to provide any proper fireproof covering for any of the inflammable material stored *793 on the pier, or any reasonable means of access to such pier for firemen and fire-fighting equipment, and allowed Atlantic to operate one or more torches in the described situation, and further allowed the inflammable materials to remain on the pier for an unreasonable length of time, knowing or having reason to know of the inherent danger, and failed to prevent the occurrence of the fire with knowledge that the operations performed by Atlantic were causing sparks and molten metal to fall upon or in the vicinity of inflammable, combustible and explosive cargo, and failed to provide adequate and sufficient fire-fighting equipment.
At the same time it is said, the defendant Muehlstein consigned for shipment combustible materials and allowed them to remain in the described condition for a period of about one month with knowledge of the inherent danger and packaged such materials in an insecure and inadequate manner, in that the bags were broken and torn, and the contents spilled over the pier and pier apron, and that Muehlstein and Luckenbach carelessly failed to remove the bags and contents after the stevedores had refused to load them, and with knowledge that the spilled contents created an extreme fire hazard; and further that on December 3, 1956, Muehlstein negligently attempted to repair the bags and to return the spilled contents to such bags and failed to complete the work, and permitted and allowed the inflammable and combustible material to remain about the pier and pier apron while Atlantic was engaged in the described work, and in the use of torches, and that Atlantic and Luckenbach, to the knowledge of Muehlstein, continued to proceed with the burning operations.
This happening occurred, of course, not by anything generated from the faulty packing and storage of combustible materials and from the continuing storage and maintenance, in negligent disregard of the nuisance and dangerous hazard thus created, but rather from the heat and fire generated by the use of torches, all in such circumstances that those creating the hazardous nuisance, and directing and performing the repair operations are legally responsible for the ignition that sparked the fire.
This court feels that the complaint is acceptable for its clarity and thoroughness, and in its precise delineation of charges of active negligence. Muehlstein may be said to be the remotest in the chain of causation and activity. It concedes its cross claim for indemnity implied in laAv and asserted against Atlantic is insufficient. It was not, as alleged by plaintiff, that *794 Mtiehlstein failed to maintain or by omission failed to guard against the accident, but rather that it delivered to and caused to remain on the pier for a period of a month, and negligently attempted to repair’ bags and to remove their contents’ of combustibles which were in such condition as to create a hazard and invite trouble in the presence of beat and fire. Certainly there is nothing passive in the action of Atlantic. Whatever else of a passive nature may be attributed by the complaint to- it, as Atlantic argues, no recovery can be had against it without proof of the use of a torch and its connection with the ultimate fire. Whatever mixture of passive and active negligence may be found in the complaint there is no possible combination which omits the torch.
As to Luckenbach, while it, too, failed to remove the combustibles, failed to prevent their dispersion in the area, and maintained the nuisance and hazard, it also ordered the repair and in doing so and permitting it to continue, it furnished for the work an area of known hazard. Every party failed “to observe for the protection of the interests of another person that degree of care and vigilance which the circumstances justly demand ”, (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 456. See Falk v. Crystal Hall, 200 Misc. 979, affd. 279 App. Div. 1071, 1073, motion for leave to appeal denied 280 App. Div. 861, motion for leave to appeal denied 304 N. Y. 987.)
The allegations of the complaint do not allege any passive negligence on the part of Luckenbach and Atlantic. In Putvin v. Buffalo Elec. Co. (supra) the court at page 455 said: “ Where the defendant is alleged to be guilty only of active as distinguished from passive negligence, impleader is improper as a matter of law, since an actively negligent tort-feasor is not entitled to indemnity (see, e.g., Messaro v. Long Is. R. R. Co., 274 App. Div. 939).”
The cross claims based on contractual indemnity are insufficient here. As to Mnehlstein, defendant Luckenbach relies on the shipping documents which refer to damage and delay to ship or cargo. As to Atlantic, there is dispute as to what the contract of indemnity is, and it is not actually before the court.
Accordingly, the motions are granted in all respects, with leave to Luckenbach to replead its cross claim against Atlantic based upon contractual indemnity, and such amended pleading may be served within 10 days from date of service of a copy of this order, with notice of entry thereof.