UNITED STATES of America,
Appellant,

v.

Kathleen GOTTFRIED, Appellee.

No. 188, Docket 25768.

United States Court of Appeals
Second Circuit.

Argued March 8, 1960.

Decided April 19, 1960.

S. Billingsley Hill, Perry W. Morton, Asst. Atty. Gen., Harry T. Dolan, Spec. Asst. to the Attorney General, Roger P. Marquis, Attys., Dept. of Justice, Washington, D. C., for appellant.

Monroe Goldwater, Goldwater & Flynn, New York City (Milton Small, B. Audrey Rinzler, New York City, of counsel), for appellee.

Before LUMBARD, Chief Judge, HAND and LEWIS, Circuit Judges.

HAND, Circuit Judge.

The court of its own motion has raised the question of its jurisdiction, and has received memoranda from both sides in support of that jurisdiction. The facts are as follows. The United States filed a complaint on April 23, 1958, seeking to condemn a tract of land described by metes and bounds. The interest "taken" was described "as the use and occupancy of certain land * * * for a term for years commencing March 1, 1957, and ending February 28, 1959, extendable at the election of the United States for yearly periods until February 28, 1962." The United States was already in possession of the land by virtue of an earlier lease which had expired on February 28, 1957, but which contained an option giving the United States the privilege of renewal at an advanced rental for a period of five years, which would therefore have ended on February 28, 1962. At the trial the defendant, Gottfried, asserted that, when the action was brought, the United States was already in possession and by remaining assented to an offer previously made by her at a higher rental than that provided in the old lease.

The opinion of Judge Knox is consistent only with the conclusion that, when the United States filed its complaint on April 23, 1958, it had been in possession from March 1, 1957 forward, not by virtue of any "taking," but because of a holding over under the old lease or of an acceptance by the landlord of the new proposal. In either event the United States could not condemn property already acquired by it. Accordingly he dismissed so much of the complaint as sought to condemn the possession between March 1, 1957 and April 23, 1958, and relegated the owner, Gottfried, to a suit for damages under the old lease in the Court of Claims. The United States thereupon appealed from this order. Its position is that it had refused to exercise the option reserved in the first lease, and instead had exercised its right to "take" on or before March 1, 1957; and that the action was brought upon that "taking," so far as concerns this intervening period.

It appears to us that on any theory as to the nature of the interest sought to be condemned we have no jurisdiction over this appeal. If the interest between March 1, 1957, and April 23, 1958, be considered to be separate from the interest in the same land after that date, the action involved "multiple claims," and Rule 54(b), 28 U.S.C.A., applied and required the "determination" therein prescribed. If on the other hand the interest between March 1, 1957, and April 23, 1958, be deemed a part of the succeeding interest, only one interest was involved; the order was interlocutory for it did not dispose of the whole of that interest. In that case, an appeal was permissible only under § 1292(b) of Title 28.

The appeal will be dismissed and the cause remanded for further proceedings not inconsistent with the foregoing.