**LUCKENBACH STEAMSHIP COMPA-NY, Inc., Third-Party Plaintiff-Appellant,**

v.

**H. MUEHLSTEIN & CO., Inc., Third-Party Defendant-Appellee.**

**Ellio RANDO et al., Plaintiffs,**

v.

**LUCKENBACH STEAMSHIP COMPA-NY, Inc., et al., Defendants.**

**Docket 26244.**

United States Court of Appeals Second Circuit.

Argued May 9, 1960.

Decided July 1, 1960.

5. Many of the cases are collected in a series of A.L.R. notes, 6 A.L.R. 1647; 25 A.L.R. 348, 103 A.L.R. 367; 161 A.L.R. 282.

Moore, Circuit Judge, dissented.
See, also, 25 F.R.D. 483.

Emile Z. Berman and A. Harold Frost, New York City, for third-party plaintiff-appellant.

Julius B. Sheftel, of Eisman, Lee, Corn, Sheftel & Bloch, and Edmund F. Lamb, of Purdy, Lamb & Catoggio, New York City, for third-party defendant-appellee.

Before CLARK and MOORE, Circuit Judges, and JAMESON, District Judge.*

CLARK, Circuit Judge.

Luckenbach Steamship Company, Inc., the third-party plaintiff and appellant, is a defendant below (with others) in a consolidated action representing 285 suits on behalf of 585 individuals to recover personal injury and death damages resulting from a fire and explosion on December 3, 1956, on a pier in Brooklyn operated by it as an intercoastal water carrier. No trial has yet been had of

* Of the District of Montana, sitting by designation.

these claims, but Luckenbach has impleaded H. Muehlstein & Co., Inc., as a third-party defendant for indemnity in the case of adverse judgments and now is trying assiduously to appeal from an order dismissing its third-party complaint against Muehlstein for legal insufficiency upon the latter's motion pursuant to F.R. 12(b). Its first attempt was under the new Interlocutory Appeals Act, 28 U.S.C. § 1292(b), based upon a certification by the district judge in his order of dismissal that it "involves a controlling question of law as to which there is substantial grounds for difference of opinion and further, that an immediate appeal from the order may materially advance the ultimate termination of the litigation." In an accompanying memorandum he stated expressly that he was making the certification as required by this statute (giving its official citation), although he regarded the decision on the motion as itself final and appealable. But in this court the active judges, before whom the petition to appeal came pursuant to our Rule 10(d), denied leave to appeal, thus disclosing their disagreement with the view that the dismissal did involve a controlling question of law where immediate appeal might materially advance the ultimate determination of the litigation.[1] Thereafter Luckenbach attempted to appeal as of right and the issue is now before us on Muehlstein's motion to dismiss the appeal.

It is believed to be wholly clear that in no event can the action be appealable at this time and upon this subordinate issue of indemnity over. The situation comes within the express terms of F.R. 54(b) as amended in 1948, that in the absence of the determination and direction therein provided for—"only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment"—"any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." The validity of this rule was upheld in Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297, and Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311. So we have continuously dismissed appeals lacking the requisite determination and direction, late examples being United States v. Gottfried, 2 Cir., 278 F.2d 426, and G. K. W., Inc. v. Philco Corp., 2 Cir., 276 F.2d 928. Obviously the certification for an interlocutory appeal under 28 U.S.C. § 1292(b) is of a different tenor and serves a different purpose; it affords a means of selecting certain interlocutory orders for immediate appeal and does not, as does the rule, define the elements of finality which is the normal basis for appellate action. The salutary limitations contained in the rule are not to be set at naught by accepting in substitution a quite different procedure aimed at a different end.

In its eagerness to secure immediate review appellant urges us to take some action, as by mandamus to the judge below, to procure the finding and direction necessary to achieve finality under F.R. 54(b). This, however, we are unwilling to do. Even if we pass the very dubious point of thus attempting to control or force the judge's exercise of discretion in circumstances in no way compelling, we immediately face serious issues of law and policy. Appellee indeed asserts that the rule is in no event applicable for want of separate or multiple claims, and this seems to have been held in two circuits prior to Supreme Court action. But we had held otherwise in Pabellon v. Grace Line, 2 Cir., 191 F.2d 169, certiorari denied Coston Supply Co. v. Pabellon, 342 U.S. 893, 72 S.Ct. 201,

---

1. Of the four active judges participating (the fifth being disqualified) three voted to deny leave to appeal without adding any qualification, while Judge Moore stated, "I concur without prejudice to the appealability of the order."

96 L.Ed. 669, and the Supreme Court has now settled the matter in Cold Metal Process Co. v. United Engineering & Foundry Co., supra, 351 U.S. 445, 76 S. Ct. 904, 100 L.Ed. 1311—following Bendix Aviation Corp. v. Glass, 3 Cir., 195 F.2d 267, 38 A.L.R.2d 356—as we noted in International Terminal Operating Co. v. Waterman Steamship Co., 2 Cir., 272 F.2d 15, 16, note 2, certiorari denied 362 U.S. 919, 80 S.Ct. 671, 4 L.Ed.2d 739. See also Capital Transit Co. v. District of Columbia, 96 U.S.App.D.C. 199, 225 F.2d 38; 6 Moore's Federal Practice 184, 252 (2d Ed.1953). Now, however, the Third Circuit in a notable decision in a precisely similar case of a third-party complaint seeking indemnity over has held that the district court's F.R. 54(b) determination and direction were an abuse of discretion, Panichella v. Pennsylvania R. Co., 3 Cir., 252 F.2d 452; [2] and the Seventh Circuit has similarly held in the like case of a counterclaim, Columbia Broadcasting System v. Amana Refrigeration, Inc., 7 Cir., 271 F.2d 257, certiorari denied Amana Refrigeration, Inc. v. Columbia Broadcasting System, 362 U.S. 928, 80 S.Ct. 756, 4 L.Ed.2d 747. We agree with this approach.

■ So apt and compelling is Judge Hastie's opinion (for Chief Judge Biggs, Judge Goodrich, and himself) in Panichella v. Pennsylvania R. Co., supra, 3 Cir., 252 F.2d 452, 455, that we quote at some length from it. After pointing out that the draftsmen of the amended rule had made explicit their thought that it would serve only to permit of a discretionary remedy in the "infrequent harsh case," he continues:

" * * * It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administra-

tion of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule. See 6 Moore, Federal Practice, 1953, 264–65.

"Thus evaluated the present occasion was clearly not an appropriate one for entering a special order under Rule 54(b). First, the third-party claim is so completely incidental to and dependent upon the principal claim that there can be no recovery upon the third-party claim unless the plaintiff shall prevail on the principal claim. The entire matter which is presented on this appeal will become moot if for any reason Panichella does not recover against the Railroad. This in itself is a distinct argument of substantial weight supporting the normal postponement of review until the entire case shall be decided. Cf. Flegenheimer v. Manitoba Sugar Co., Ltd., 2 Cir., 1950, 182 F.2d 742; and see Baltimore & O. Ry. Co. v. United Fuel Gas Co., 4 Cir., 1946, 154 F. 2d 545, 546–547.

" * * * [The court then considers "Second" the problem of a release given by the original plaintiff not a party to this appeal.]

"Third, as a practical matter the taking of an appeal on the third-party claim at this stage serves to delay the trial of the principal claim without in any way either simplifying or facilitating its future litigation. Cf. Slattery v. Marra Bros., D.C.S.D.N.Y.1950, 92 F.Supp. 534. If, on the other hand, the trial of the principal claim should not be postponed pending this appeal, there would not be even a colorable argument for authorizing an appeal at this time. For the claimed advantage of this proceeding is the preservation of the possibility that, in the

2. The foresight thus shown was supported by the eventual outcome of the litigation where both the defendant and the third-party defendant had judgment.

Panichella v. Pennsylvania R. Co., 3 Cir., 268 F.2d 72, certiorari denied 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353.

event the appeal succeeds, the merits of the principal claim and the merits of the third party claim can be tried together.

"To state these factors is to make it apparent that, far from presenting hardship or unfairness justifying discretionary departure from the normal rule as to the time of appeal, this case bristles with considerations which reinforce the normal rule. We think the District Court did not view in proper perspective the problem presented by an application for a special order under Rule 54(b). Had it done so, we think it could not have avoided the conclusion that the application should be denied."

The considerations thus so persuasively stated have special force here under the particular circumstances of this case. The immediate cause of the disaster claimed by the plaintiffs below was the negligence of Luckenbach's agent and codefendant, Atlantic Ship Rigging Co., in its use in repairing certain cargo-handling equipment of an acetylene torch, the molten metal or sparks from which caused a fire which reached a shipment on the pier of 370,000 pounds of explosive material. Luckenbach's claim against Muehlstein, however, was based on the contention that nearly a month earlier the latter had deposited on the pier for consignment to itself in Los Angeles "705 Bags Scrap Rubber" consisting of ground rubber, which was highly inflammable, improperly packed, and in improper condition for shipment, and that its negligence in so acting caused the injuries to plaintiffs, if they occurred. As was aptly said by Justice McGivern in a companion state action and quoted by Judge Rayfiel below: "Muehlstein may be said to be the remotest in the chain of causation and activity." Bush Terminal Bldg. Co. v. Luckenbach Steamship Co., Sup., 196 N.Y.S.2d 515, 519. Thus for a judgment to go against Muehlstein the plaintiffs must first establish their claims, then Luckenbach must prove its special charge of negligence in the scrap foam rubber shipment, and finally it must prove some form of liability upon the part of Muehlstein, either through some special warranty or agreement of indemnity (which Judge Rayfiel has found nonexistent) or by application of the New York law of indemnity over in the case of active, as distinguished from passive, negligence. See discussion in Guarnieri v. Kewanee-Ross Corp., 2 Cir., 263 F.2d 413, modified 2 Cir., 270 F.2d 575; Putvin v. Buffalo Electric Co., 5 N.Y.2d 447, 186 N.Y.S.2d 15, 158 N.E. 2d 691. Obviously Luckenbach has at best an uphill fight on both facts and law. But as to practically all of this we are in no position to adjudicate at this time. The most that we could say would seem to be that the case should remain open against Muehlstein; but since the order below is not final, it remains "subject to revision at any time before the entry of judgment adjudicating all the claims," as F.R. 54(b) expressly provides. Hence far from being ready for appellate review, the case affords a prime illustration of the waste and futility of piecemeal appeals.

Appeal dismissed.

MOORE, Circuit Judge (dissenting).

In my opinion the interests of orderly and expeditious trial procedure would best be served by having all issues before the court on the trial so that an appropriate judgment could then be entered upon the facts and verdict resulting therefrom.