AUTOMATED DATA SYSTEMS,
INC., Plaintiff,

v.

OMRON BUSINESS SYSTEMS, INC.;
Omron Electronics, Inc.; and Omron
Systems of America, Inc., Defendants.

No. ST–C–89–118–P.

United States District Court,
W.D. North Carolina,
Statesville Division.

March 25, 1991.

John W. Crone, III, Gaither, Gorham & Crone, Hickory, N.C., Thomas G. Smith, Crews & Hancock, Fairfax, Va., for plaintiff.

Walter H. Jones, Homesley, Jones, Gaines & Fields, Mooresville, N.C., Scott G. Golinkin, Mayer, Brown & Platt, Chicago, Ill., for defendants.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Plaintiff's motion, filed February 11, 1991, to amend a judgment previously entered in this matter in which the Court dismissed fraud claims alleged in the complaint. Plaintiff has requested that the Court certify the appeal of those dismissed claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1292(b) prior to the disposition of the remaining claims. On March 13, 1991, Plaintiff filed a memorandum of law in support of its motion to amend the judgment. Defendants, on March 12, 1991, filed a response to Plaintiff's motion.

The gist of the dispute in this matter revolves around Defendants' alleged breach of a dealer agreement whereby Plaintiff was entitled to sell electronic cash register equipment manufactured by Defendants. Questions arose among the parties concerning the quality of Defendants' product and Plaintiff's territory. Plaintiff filed its complaint on July 31, 1989 in state court. Thereafter, Defendants removed this action to federal court, and the case was assigned to the Honorable Richard Voorhees.

In addition to breach of contract claims, Plaintiff alleged in its complaint that Defendants' conduct constituted fraud. Defendants moved to dismiss the fraud claims for failure to state those claims with the particularity required by Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. On May 30, 1990, United States Magistrate Toliver Davis entered a Memorandum and Recommendation in which he recommended to the district court that Defendants' motion to dismiss the fraud claims be granted. Judge Voorhees, on February 1, 1991, entered an Order accepting that recommendation. Thereafter, this matter was reassigned to the undersigned through the random assignment procedure utilized by the Clerk.

In the motion currently before the Court, Plaintiff requests that the Court certify the dismissal of the fraud claims for immediate appeal to the Fourth Circuit Court of Appeals. Plaintiff relies on Rule 54(b) of the Federal Rules of Civil Procedure which provides in pertinent part:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment ...

In the alternative, Plaintiff contends that 28 U.S.C. § 1292(b) permits the Court to certify the dismissal of the fraud claims for immediate appeal. That statute provides in pertinent part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal

from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order ...

The primary argument made by Plaintiff in support of its motion is that the fraud claims arose out of the same factual background as the remaining claims. Therefore, Plaintiff asserts that unless the motion is granted, two (2) trials would have to be conducted, assuming that it is successful on the appeal of the fraud claims. Plaintiff argues that two (2) trials is a waste of judicial resources.

■ As an initial matter, the Court must note that Plaintiff is requesting the unusual. An appeal following a Rule 54(b) order is the exception rather than the rule. *See* 10 Wright, Miller and Kane, Federal Practice and Procedure, Civil 2d § 2654 at 37 (1983) (hereinafter "Wright & Miller"). The Rule "is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals." *Id.* at 80; *see also Para–Chem Southern, Inc. v. M. Lowenstein Corp.*, 715 F.2d 128, 133–34 (4th Cir.1983) (Bryan, Senior J. concurring) (holding that district court decision to certify appeal was "piecemeal appeal, obviously impermissible and one to be vacated"). Thus, some courts have held that there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal. *See* 6 Moore's Federal Practice, par. 54.41[3] at 54–266 (1990) (hereinafter "Moore's"). "It follows that Rule 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel". *Id.* at 54–267 (quoting from *Panichella v. Pennsylvania RR*, 252 F.2d 452, 455 (3d Cir.1958)); *see also* Wright & Miller at 100.

■■ In evaluating a motion brought under Rule 54(b), the district court must first determine whether the claims in which immediate appeal is sought are separate from remaining claims. After this initial hurdle is met by the movant, the district court then must decide if there exists no just reason to delay the entry of judgment on the claims to which appeal is sought. *See* Wright & Miller at 100. No precise test exists for determining whether there is a just reason to delay the entry of judgment. *Id.* In fact, the United States Supreme Court has directly held that it was reversible error for the Third Circuit to utilize the "infrequent harsh case" analysis from *Panichella, supra.* in determining whether a claim was immediately appealable. *See Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980). Instead, the district court, in exercising the wide range of discretion given to it, may consider any factor that seems relevant in deciding whether there is no just reason for delay. *See* Wright & Miller at 101.

■ Of paramount consideration in a Rule 54(b) analysis is "whether the nature of the claims already determined (is) such that no appellate court would have to decide the same issue more than once even if there (are) subsequent appeals". *See Para–Chem*, 715 F.2d at 132 (citing *Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. at 1465). The district court must consider the relationship between the adjudicated and the unadjudicated claims. *See* Wright & Miller at 102. In other words, the district court should not certify a claim for immediate appeal if it is likely that the court of appeals will be required to consider similar factual or legal issues in a later appeal. *Id.* at 103–04. Thus, it is unlikely that the district court will certify claims for immediate appeal if the remaining claims overlap with the same factual background as the remaining claims. *See Para–Chem*, 715 F.2d at 133 (holding that interwoven factual issues demonstrated that no just reason for delay existed). Other factors to be considered by the district court which weigh against certifying a claim for immediate appeal include whether the need for review might be mooted by future developments in the district court; whether the appeal will have the undesirable effect of

delaying the trial of the unadjudicated matters without gaining any offsetting advantage in terms of the simplification and facilitation at subsequent trials; and whether any other practical reasons are present to justify the certification of claims for immediate appeal. *See generally* Wright & Miller at 102.

■ In the case presently before it, the Court believes that there exists no just reason for delay in the entry of the final judgment as to the fraud claims. Plaintiff acknowledges that "all of the counts in the complaint arose out of the same series of transactions, and many of the same documents and much of the same testimony would be submitted to prove both the breach of contract claims which remain and the other claims, including fraud, which have been dismissed." *See Plaintiff's Motion to Amend Judgment,* filed February 11, 1991, at par. 3 on page 2. While Plaintiff raised this argument in support of its contention that the interest of judicial economy would be served by conducting only one trial, the overwhelming number of courts that have considered Rule 54(b) motions hold that similar factual backgrounds of the claims weigh *against* granting the motion. The reason of course is that clear federal policy weighs against piecemeal appeals and causing courts of appeal to consider the same factual or legal issues in separate appeals.

Moreover, while Plaintiff has made unsupported claims that a single trial would decrease the overall costs and time involved in litigating these claims, the Court believes that the facts and legal issues present in the claims are relatively straightforward, leading to the conclusion that a subsequent trial will not overly complicate or increase the expense of disposing of this matter. The Court further believes that an immediate appeal would delay the final disposition of this matter by months or years to the prejudice of Defendants. Thus, it appears to the Court that Plaintiff has failed to raise meritorious reasons to certify the immediate appeal of the dismissal of the fraud claims.

■ As to Plaintiff's alternative motion under § 1292(b), the Court questions whether the statute is applicable in this instance. Just as in the case of Rule 54(b), § 1292(b) is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals. *See* Wright & Miller at 80. Rule 54(b) and § 1292(b) address two different situations. *Id.* at 80. As one commentator has noted:

> (§ 1292(b)) applies only to orders that would be considered interlocutory.... Rule 54(b) applies only to adjudications that would be final under Section 1291 if they occurred in an action having the same limited dimensions. Therefore, if an order is final under Section 1291, Section 1292(b) cannot apply and resort must be had to Rule 54(b) in the multiple-party or multiple-claim situation. Conversely, if an order is inherently interlocutory, Rule 54(b) has no bearing on any determination that might be made under Section 1292(b). *Id.* at 80–81.

Arguably, § 1292(b) is inapplicable to this case because the Order appealed from is final (as to the fraud claims) under 28 U.S.C. § 1291.

■ Even if § 1292(b) is applicable, the Court believes that Plaintiff has not met the requirements of the statute. For the same reasons stated above, the Court does not believe that the certification for appeal of the fraud claims would "materially advance the ultimate termination of the litigation". Rather, the Court believes that the immediate appeal of the dismissal of the fraud claims would only impermissibly prolong the proceedings. *See Observer Transportation Co. v. Service Merchandise Co., Inc.,* 703 F.Supp. 421, 428 (W.D.N.C.1988). Accordingly, the Court will not grant Plaintiff's alternative motion under § 1292(b).

NOW, THEREFORE, IT IS ORDERED that Plaintiff's motion to amend a judgment previously entered in this matter in which the Court dismissed fraud claims alleged in the complaint be, and hereby is, DENIED.