## In re FIDDLER'S WOODS BOND-HOLDERS LITIGATION.

### Civ. A. No. 83–2340.

United States District Court,
E.D. Pennsylvania.

Sept. 28, 1984.

See also D.C., 102 F.R.D. 291.

---

Lee A. Rosengard, Stradley, Ronan, Stevens & Young, Philadelphia, Pa., for Blyth Eastman Paine Webber, Inc. and Herbert J. Sims & Co., Inc.

Thomas E. Zemaitis, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for The Fidelity Bank.

## OPINION

LUONGO, Chief Judge.

This class action litigation arose from the default on $33.1 million in bonds issued to finance the construction of Fiddler's Woods, a life-care facility for elderly Jewish residents of the Philadelphia area. Plaintiffs, bondholders of Fiddler's Woods, have alleged that various participants[1] in the project violated the federal securities laws and the common law of Pennsylvania.

Defendants Blyth Eastman Paine Webber, Inc. and Herbert J. Sims & Co., Inc., lead underwriters of the bond issue, subsequently filed a third-party complaint against The Fidelity Bank, the indentured trustee in connection with the public sale of the bonds. The underwriters claim that Fidelity, by agreeing to act as trustee, entered into a common venture with the defendants named in the bondholders' complaint to finance, construct, market and manage Fiddler's Woods. Counts I–III of the amended third-party complaint, filed on January 20, 1984, charge that Fidelity failed to take action after the defendants' alleged fraud to mitigate the bondholders' losses. The underwriters contend that Fidelity thereby breached its duties to the other members of the common venture, and should be liable for indemnity or contribution if the plaintiffs recover on the princi-

---

1. The defendants include: Jewish Retirement Homes (JRH), a non-profit corporation organized to own and operate Fiddler's Woods; Arthur Kaplan, a member of and secretary to JRH's Board of Directors; Sage Development Corp., which was to plan, construct and initially market Fiddler's Woods; Sage Management Corp., which was to manage the facility; Robert Berman, the controlling person and principal of Sage Development and Sage Management; Blyth Eastman Paine Webber, Inc. and Herbert J. Sims & Co., Inc., lead underwriters of the bond issue; Opinion Research Corp., which prepared the "Demand Study" in the Official Statement released in connection with the bond issue; and Price Waterhouse & Co., which prepared the financial forecast report appended to the Official Statement.

pal complaint. Counts IV–VI assert that Fidelity is secondarily liable for aiding and abetting and conspiring with the principal defendants in the alleged securities frauds. Count VII alleges that Fidelity independently violated federal securities law by maintaining silence once it discovered the alleged frauds.

On January 30, 1984, Fidelity moved to dismiss the amended third-party complaint. On May 25, 1984, after oral argument, I granted the motion, dismissing Counts I–III with prejudice and Counts IV–VII with leave to third-party plaintiffs to file a more specific complaint within 30 days. I determined that Counts I–III, as a matter of law, did not plead the existence of a joint venture or any other duty owed by Fidelity to the underwriters. Although Counts I–III may set forth a breach of Fidelity's duties to the bondholders, an allegation that a third party is directly liable to plaintiffs is not the proper subject of a third-party complaint under Fed.R.Civ.P. 14(a). *Tesch v. United States,* 546 F.Supp. 526, 529 (E.D.Pa.1982). I dismissed Counts IV–VII for failure to state with sufficient specificity the knowledge and role of Fidelity in the alleged frauds.

The underwriters declined to amend their complaint as to Counts IV–VII, and instead filed a notice of appeal on June 20, 1984. On June 26, 1984, the Clerk of the United States Court of Appeals for the Third Circuit informed the parties to the appeal that the order dismissing the complaint was not "final" as required by 28 U.S.C. § 1291. At the underwriters' request and with the consent of all parties, I entered an order dismissing the amended third-party complaint with prejudice on July 3, 1984. The Third Circuit Court of Appeals again dismissed the underwriters' appeal on August 1, 1984, "there being no final judgment and no other basis for appellate jurisdiction."

 The underwriters have now moved that I certify the order dismissing their complaint as a final judgment pursuant to Fed.R.Civ.P. 54(b). Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The parties here agree that the order dismissing the third-party complaint is "a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it ... [is] 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956)). Certification of an issue for immediate appeal under Rule 54(b), however, is appropriate only upon "an express determination that there is no just reason for delay." This determination, according to the Supreme Court, is "left to the sound judicial discretion of the district court," *Curtiss-Wright,* 446 U.S. at 8, 100 S.Ct. at 1465, for that court is "the one most likely to be familiar with the case and with any justifiable reasons for delay." *Id.* at 10, 100 S.Ct. at 1466 (quoting *Sears,* 351 U.S. at 437, 76 S.Ct. at 900). The district court is to exercise its discretion "in the interest of sound judicial administration." *Id.* 446 U.S. at 8, 100 S.Ct. at 1465 (quoting *Sears,* 351 U.S. at 437, 76 S.Ct. at 900). Because of the fundamental federal policy disfavoring piecemeal appeals, final judgment under Rule 54(b) "should not be entered routinely or as a courtesy or accommodation to counsel." *Panichella v. Pennsylvania Railroad Co.,* 252 F.2d 452, 455 (3d Cir. 1958); *Dudo v. Schaffer,* 93 F.R.D. 524, 530 (E.D.Pa.1982). *See Curtiss-Wright,* 446 U.S. at 8, 10, 100 S.Ct. at 1465, 1466. Only if the moving party presents specific equitable considerations which outweigh the preference for avoiding piecemeal ap-

peals and ensuring prompt resolution of remaining issues should a Rule 54(b) certificate be granted. *Id.* at 5, 8, 100 S.Ct. at 1463, 1465.

■ In determining whether to grant the instant motion, it is appropriate to consider the factors enunciated by the U.S. District Court for the District of New Jersey and accepted by the Supreme Court in *Curtiss-Wright.*[2] The district court granted a motion for Rule 54(b) certification in *Curtiss-Wright* on the basis of its findings:

> that certification would not result in unnecessary appellate review; that the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved; that review of these adjudicated claims would not be mooted by any future developments in the case; and that the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Curtiss-Wright,* 446 U.S. at 5–6, 100 S.Ct. at 1463–1464. Applying these factors to the case before me, I conclude that the interests of sound judicial administration would not be advanced by permitting the underwriters to take an immediate appeal from the order dismissing their third-party complaint.

The factor in this case which weighs most heavily against allowing an immediate appeal is that the underwriters' claim against Fidelity will be moot if the underwriters prevail in the primary action. The Court of Appeals for the Third Circuit, in considering whether an order dismissing a third-party complaint should have been certified for appeal under Rule 54(b), gave "substantial weight" to the fact that the third-party claim was "so completely incidental to and dependent upon the principal claim that there can be no recovery upon the third-party claim unless the plaintiff shall prevail on the principal claim." *Panichella,* 252 F.2d at 455. The Eighth Circuit Court of Appeals similarly cited the "grave concern of mootness" as a factor militating against permitting immediate appeal from dismissal of a third-party complaint. *United States Fire Ins. Co. v. Smith Barney, Harris Upham & Co.,* 724 F.2d 650, 652 (8th Cir.1983). Courts should not reach to decide an important and complex issue which, depending upon the disposition of remaining issues, may never actually require resolution. According to the Eighth Circuit, "Third-party claims for indemnity for judgments that may never occur should seldom fall within the narrow exception of Rule 54(b)." *Id.* at 653.[3]

Equitable considerations also militate against granting the underwriters' motion for certification. Permitting an immediate appeal on the third-party claim would only "delay the trial of the principal claim without in any way either simplifying or facilitating its future litigation." *Panichella,* 252 F.2d at 455. *See also Dudo,* 93 F.R.D.

**2.** Although the Supreme Court, reviewing the Third Circuit's decision that the district court had abused its discretion by granting Rule 54(b) certification, refused "to fix or sanction narrow guidelines for the district courts to follow," *Curtiss-Wright,* 446 U.S. at 11, 100 S.Ct. at 1466, it approved the district court's assessment of the relevant factors and vacated the Third Circuit's order dismissing the appeal. *Id.* at 12–13, 100 S.Ct. at 1467.

**3.** The underwriters cite *Texas Industries v. Radcliff Materials, Inc.,* 451 U.S. 630, 633, 101 S.Ct. 2061, 2063, 68 L.Ed.2d 500 (1981), *Zurzola v. General Motors Corp.,* 503 F.2d 403, 405 (3d Cir.1974), and *Hritz v. Woma Corp.,* 37 Fed.R. Serv.2d 623 (W.D.Pa.1982), in support of their contention that an order dismissing a third-party complaint is no less appropriate for certification than any other order. *Texas Industries* and

*Zurzola* contain no more than the bare observation that the district court in each case had certified its dismissal of a third-party complaint for appeal under Rule 54(b). The cases did not discuss why certification was proper. In *Hritz,* the district court for the Western District of Pennsylvania dismissed a third-party complaint on the ground that the third-party defendant was statutorily immune from suit. The third-party defendant itself, with no apparent opposition, then moved for entry of final judgment under Rule 54(b). The district court granted the motion with only a cursory review of its reasons. *Hritz,* 37 Fed.R.Serv.2d at 625–26. I find the thorough analyses of the Third and Eighth Circuit Courts of Appeals in *Panichella* and *United States Fire Ins. Co.* to be persuasive on this issue.

at 530. The underwriters argue that an immediate appeal is necessary because the liability of all participants in the Fiddler's Woods project should, in order to ensure fairness to all parties, be resolved at one time. Applying that rationale would require delaying trial of the principal claim pending resolution of the underwriters' appeal. I am not persuaded, however, that the principal and third-party claims should be resolved in one proceeding in any event. The issues raised in the third-party complaint are sufficiently distinct and severable from the bondholders' claims that resolution of the former would provide little, if any, guidance as to resolution of the latter. The plaintiffs should not be delayed in litigating their claims, which are quite distinct from the complex allegations in the third-party complaint. Even if trial on the third-party claims is ultimately necessary,[4] I am not convinced that permitting the plaintiffs to proceed immediately to trial of their claims would be a waste of judicial resources. The underwriters have not shown that they are prejudiced by application of the normal rule against piecemeal appeals. In fact, as the Third Circuit held in *Panichella*, "this case bristles with considerations which reinforce the normal rule." *Panichella*, 252 F.2d at 455. *See also United States Fire Ins. Co. v. Smith Barney, Harris Upham & Co.*, 724 F.2d at 652; *Dudo v. Schaffer*, 93 F.R.D. at 529, 530.

The underwriters have not shown prejudice to their interests sufficiently compelling to outweigh the policy of preventing piecemeal appeals and ensuring prompt disposition of remaining issues. Accordingly, I conclude that there is just reason to delay appeal of the order dismissing the underwriters' complaint. The underwriters' motion for entry of final judgment under Rule 54(b) will be denied.

**4.** The likelihood of this is somewhat remote. A separate trial on the third-party claims will be necessary only if the plaintiffs prevail against the underwriters *and* the underwriters succeed in persuading the Court of Appeals to reverse the order dismissing their complaint. The pos-

sibility that the underwriters' claims will never "ripen for adjudication" supports denial of their Rule 54(b) motion. *See United States Fire Ins. Co. v. Smith Barney, Harris Upham & Co.*, 724 F.2d at 652–53.