Decided December 10, 1987

264

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

| | | |
|---|---|---|
| PEDRO P. TENORIO, et al., | ) | CIVIL ACTION NO. 85-488 |
| Plaintiffs, | ) | |
| vs. | ) | |
| CARLOS S. CAMACHO, et al., | ) | |
| Defendants. | ) | |
| BANK OF SAIPAN, et al., | ) | CIVIL ACTION NO. 85-507 |
| Cross-Claimants, Third-Party Plaintiffs and Counter-Claimant, | ) | |
| vs. | ) | ORDER |
| CARLOS S. CAMACHO, et al., | ) | |
| Cross-Defendant, Third-Party Defendants and Counter-Defendant. | ) | |

## FACTS

On November 2, 1987 this court ordered that the Third-Party Complaint of Bank of Saipan and Sid Blair against Tokai Bank of California for indemnity and contribution be dismissed for lack of jurisdiction.

Defendants Bank of Saipan and Sid Blair now move for entry of final judgment with respect to the court's order dismissing Tokai Bank of California pursuant to Com.R.Civ.Pro., Rule 54(b).

## MOTION CONSIDERED WITHOUT HEARING

Rule 54(b) does not prescribe any procedure for obtaining a certificate. Indeed, the court may consider whether to issue such certification _sua_ _sponte_. _Arimizu v. Financial Sec. Ins. Co., Inc.,_ (Hawaii, App., 1985) 679 P.2d 627, 633; citing 10 Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, § 2660 and cases cited therein.

The court, as it may consider _sua_ _sponte_ whether to direct entry of a final judgment at this stage of the case, may also consider this motion without a hearing. Bank of Saipan and Sid Blair have submitted a memorandum of points and authorities in support of their motion for entry of judgment which is sufficient in advising the court as to the authorities supporting their position. In this case, the court finds that the facts and the law are sufficiently clear and finds that there is no need for a hearing on this matter. Additionally, waiting for a hearing date which would be suitable to the court and all parties concerned would result in unnecessary delay.

## DISCUSSION

An order dismissing a third-party complaint is a "judgment" in the sense that it is a decision upon a cognizable claim for relief, _In Re Fiddler's Woods Bondholders Litigation,_ (E.D. Pa., 1984) 594 F.Supp. 594, 596, and it is "final" in the sense that it is an ultimate disposition of an individual clair entered in the course of a multiple claims action.

Curtiss-Wright Corp. v. General Electric Co., (1980) 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1.

Certification of an issue for immediate appeal under Rule 54(b), however, is appropriate only upon "an express determination that there is no just reason for delay." A Rule 54(b) certificate is not to be granted routinely, Page v. Gulf Oil Co., (5th Cir., 1985) 775 F.2d 1311, 1313 and is left to the discretion of the court in the interest of sound judicial administration. Curtiss-Wright Corp. v. General Electric Co., supra, 446 U.S. at 8, 100 S.Ct. at 1465. Only if the moving party presents specific equitable considerations which outweigh the preference for avoiding piecemeal appeals and ensuring prompt resolution of remaining issues should a Rule 54(b) certificate be granted. Id., at 5, 8, 100 S.Ct. at 1463, 1465.

The Supreme Court in Curtiss-Wright found that the relevant factors the court should take into account on considering a Rule 54(b) motion are:

> "... that certification would not result in unnecessary appellate review; that the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved; that review of these adjudicated claims would not be mooted by any future developments in the case; and that the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."
> Curtiss-Wright, Id., at 5-6, 100 S.Ct. at 1463-1464.

In applying these factors to the present case, this court concludes that the interests of sound judicial administration would not be advanced by permitting Bank of Saipan and Sid Blair to take an immediate appeal from the order dismissing their third-party complaint.

The factor in this case which weighs most heavily against allowing an immediate appeal is that Bank of Saipan and Blair's claim against Tokai Bank of California will be moot if Bank of Saipan and Blair prevail in the primary action. In determining whether an order dismissing a third-party complaint should be certified for appeal under Rule 54(b), "substantial weight" should be given to the fact that the third-party claim is "so completely incidental to and dependent upon the principal claim that there can be no recovery upon the third-party claim unless the plaintiff shall prevail on the principal claim." Panichello v. Pennsylvania Railroad Co., (3d Cir., 1958) 252 F.2d 452, 455.

Similarly, the court in United States Fire Ins. Co., v. Smith Barney, Harris Upham Co., (8th Cir., 1983) 724 F.2d 650, 652, cited the "grave concern of mootness" as a factor militating against permitting immediate appeal from the dismissal of a third-party complaint. Courts should not reach to decide an important and complex issue which, depending upon the disposition of remaining issues, may never actually require resolution. In Re Fiddlers Woods, supra, 594 F.Supp. at 597.

**268**

Third party claims for indemnity for judgments that may never occur should seldom fall within the narrow exception of Rule 54(b). United States Fire Ins. Co. v. Smith Barney, supra, 724 F.2d 650, 653.

Equitable considerations likewise militate against granting Bank of Saipan and Blair's motion for certification. Permitting an immediate appeal on a third-party indemnity claim would serve only to delay the trial of the principal claim without in any way either simplifying or facilitating its future litigation. Luckenbach Steamship Co. v. Muehlstem and Co., (2nd Cir., 1960) 280 F.2d 755, 758.

As the court noted in Panichella v. Pennsylvania Railroad Co., supra, 252 F.2d at 455, "this case bristles with considerations which reinforce the normal rule."

Bank of Saipan and Blair have not shown prejudice to their interests sufficiently compelling to outweigh the policy of preventing piecemeal appeals and ensuring prompt disposition of the remaining issues. Accordingly, this court concludes that there is just reason to delay appeal of the order dismissing Bank of Saipan and Blair's third-party complaint.

Based on the foregoing, Bank of Saipan and Blair's motion for entry of final judgment under Rule 54(b) is hereby denied.

Dated at Saipan, CM, this 10th day of December, 1987.

_____
Robert A. Hefner, Chief Judge