**GAETANO MARZOTTO & FIGLI, S.P.A.,**
**Plaintiff,**

v.

**G. A. VEDOVI & COMPANY, Inc.,**
**Defendant.**

United States District Court
S. D. New York.
July 25, 1961.

Lord, Day & Lord, New York City, for plaintiff, Thomas F. Daly, John F. O'Connell, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendant, Gabriel Kaslow, Stanley Cohen, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff Marzotto, an Italian corporation with its principal offices in Valdagno, Italy, is engaged in the manufacture and export of woolen goods. Defendant Vedovi is a New York corporation with its principal offices in this district. For many years it acted as exclusive sales agent for Marzotto in this country.

Marzotto sues to recover the sum of $206,054.32 representing monies collected by Vedovi for Marzotto's account from purchasers of Marzotto woolen goods which Vedovi has failed to remit.

Vedovi acknowledges that it has collected these sums for Marzotto's account and has not remitted them. However, it interposes three counterclaims aggregat-ing $255,489.20 for services alleged to have been rendered to Marzotto in effecting collections for its account, for sums advanced, for expenses which it incurred at Marzotto's instance and for Marzotto's benefit, and for additional selling commissions alleged to be due. Vedovi credits the funds which it has collected for Marzotto's account against the amount alleged to be due from Marzotto and demands judgment on its counterclaims for the net balance of $49,434.88.

In its reply Marzotto denies liability on the counterclaims except for the sum of $6,359.31 which it concedes was advanced for its account and which it says it stands ready to pay on remission of the amounts owing by Vedovi to it.

Marzotto has now moved, pursuant to Rules 54(b) and 56(d), F.R.Civ.P., 28 U.S.C.A. for summary judgment against Vedovi in the full amount of the claim asserted in the complaint, with interest, with an express direction, pursuant to Rule 54(b), for the entry of final judgment in its favor on that claim at this stage of the litigation without waiting for a trial of the issues raised by Vedovi's counterclaims.

Vedovi concedes that Marzotto is entitled to a finding, pursuant to Rule 56(d), that Vedovi has collected and is holding the amount sought in the complaint for Marzotto's account. However, it denies that this sum is due and *owing* to Marzotto since it claims that Marzotto is indebted to it in the sum of $196,844.81 on claims arising out of the same course of dealing as well as for additional amounts. It urges that Marzotto is not entitled to the entry of judgment on the claim asserted in its complaint until Marzotto's liability on the counterclaims has been determined. Only then, says Vedovi, can it be ascertained whether Marzotto owes it money or it owes Marzotto money on the mutual accounts between them.

Vedovi acted as Marzotto's exclusive selling agent in the United States from 1935 until October 1, 1958, when the re-

lationship was terminated. The relationship was based on a series of written selling agency agreements, the last of which was dated November 15, 1952. Vedovi was entitled to commissions of 4% on goods sold up to November 1, 1956 and 4½% thereafter.

Prior to December 1949 Vedovi was not authorized to make collections and Marzotto itself sent invoices to the customers in this country and effected collection directly. In December of 1949 the method of effecting collection was changed. The parties are in disagreement as to how this change was effected. However, it is clear that after December 1949 Vedovi began invoicing merchandise sold to American customers, collecting such invoices and disposing of the monies so collected in accordance with Marzotto's not uncomplicated instructions.

Both parties agree that on October 1, 1958, when they terminated their relationship, Vedovi had in its hands $206,054.32 in collected invoices. Vedovi refused to remit these monies to Marzotto until there was a complete settlement of the accounts involving the two corporations. Marzotto then instituted this action to recover the amount of the unremitted collections.

While there is no dispute between the parties as to the fact that Vedovi collected monies for Marzotto's account, they are in sharp disagreement as to the arrangements under which these collections were made.

Marzotto contends that the monies were collected by Vedovi pursuant to the exclusive sales agency agreements, the last of which was dated November 15, 1952 as modified by an exchange of correspondence dated July 24, 1957 and September 5, 1957, some five years later and some seven years after Vedovi had begun to make the American collections. Marzotto's complaint is drawn, and the present motion is made, on that theory.

Vedovi, on the other hand, maintains that collections were not made pursuant to the sales agency agreement but under an entirely separate oral arrangement supplemented by a large volume of correspondence and an extended course of dealing. It points to the fact that the sales agency agreement expressly provides that "(9) The Agents have no authority to make collections for the account of 'Marzotto' nor to grant extensions, discounts or allowances on payments. Invoices are collected directly by 'Marzotto'". It asserts that the two letters of July 24, 1957 and September 5, 1957, which Marzotto claims amended the selling agency agreement, were merely a part of a large volume of correspondence dealing with the collection arrangements which were quite apart and separate from the selling agency agreement itself.

Vedovi says that its first counterclaim, comprising a claim in the sum of $190,485.50 for the reasonable value of services rendered by Vedovi in making collections during the period from January 1950 to October 1958 at the rate of 2% of the aggregate invoices collected, and in the sum of $6,359.31 for unreimbursed expenses in connection with these services, arises out of a separate agreement by which it undertook to make collections for Marzotto's account and may be properly set off against the claim asserted in the complaint for monies which it collected which it says also arose under such agreement.

The sharp dispute of fact between the parties as to whether the claim asserted in the complaint arises out of the selling agency agreement or out of an entirely separate collection agreement and therefore as to whether the first counterclaim arises out of the same agreement from which the claim asserted in the complaint arises, cannot be resolved on the record now before me.

The question then is whether under such circumstances Marzotto is entitled at this stage of the action to an express direction for the entry of final judgment on the claim asserted in its complaint under Rule 54(b) or only to a finding under Rule 56(d) of the undisputed fact

that Vedovi has in its hands the sum of $206,054.32 collected for Marzotto's account.

Rule 54(b) as amended effective March 19, 1948, provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."[1]

The primary purpose of the adoption of amended Rule 54(b) was to make a reasonable accommodation between the "basic and persisting policy against piecemeal appeals" in the federal court system and "those problems of the timing of review which have been accentuated by the liberalized joinder of claims, counterclaims, cross-claims and third party claims in one law suit, as permitted and encouraged by the present Rules of Civil Procedure". Panichella v. Pennsylvania R. R. Co., 3 Cir., 252 F.2d 452, 454.

Rule 54(b) was originally enacted "in view of the wide scope and possible content of the newly created 'civil action' in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." It was not designed to overturn the settled and historic federal rule against piecemeal appeals. However, it resulted in considerable confusion concerning appeals from judgments entered on less than all of the claims embraced in a single action. It was for this reason that the Advisory Committee recommended the 1948 amendment. See Report of Proposed Amendments to Rules of Civil Procedure prepared by the Advisory Committee for Rules of Civil Procedure, United States

Code Congressional Service, 79th Cong., 2nd Sess., (1946), pp. 2354, 2355.

In effect, the 1948 amendment retained the historic federal rule against piecemeal appeals. As the Advisory Committee stated, the prior rule "needed only the exercise of a discretionary power to afford a remedy in the infrequent harsh case to provide a simple, definite workable rule. This is afforded by amended Rule 54(b)." Ibid., p. 2355.

The decisions of the appellate courts relating to the amended Rule 54(b) deal in the main with the question of the appealability of final judgments entered under the rule in the light of whether the district court has abused its discretion in directing the entry of final judgment upon only one or more but less than all of the claims presented in an action upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Thus, it was said in Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 452, 76 S.Ct. 904, 908, 100 L.Ed. 1311, that a final judgment under Rule 54(b), entered on a "claim which arises out of the same transaction and occurrence as pending claims" is appealable where "the Court of Appeals is satisfied that there has been no abuse of discretion" by the district court in directing that such a judgment be entered.

The problem posed here, however, relates not so much to a possible *abuse* of discretion by the district court but as to whether its discretion under Rule 54(b) should be exercised in favor of making an express determination that there is no just cause for delay and an express direction that a final judgment should now be entered.

In this connection, as the court pointed out in Cold Metal Process Co. v. United Engineering & Foundry Co., supra, 351 U.S. at page 452, 76 S.Ct. at page 909, " * * * under the amended rule, the

1. The most recent amendment of Rule 54(b) effective July 19, 1961, extends coverage to multiple party situations as well as multiple claims. It in no way affects this case.

relationship of the adjudicated claims to the unadjudicated claims is one of the factors which the District Court can consider in the exercise of its discretion." In Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297, (decided at the same time as the Cold Metal case), it is indicated that where the claim on which final judgment is sought under Rule 54(b) is "inherently inseparable from, or closely related to" the claims still pending, a certification by the district court that there is no just cause for delay and that final judgment should be entered might well be an abuse of its discretion.

In Panichella v. Pennsylvania R. R. Co., 3 Cir., 252 F.2d 452, Judge Hastie discussed the considerations affecting the exercise of discretion by the district court under the rule. He said (at page 455):

"* * * ordinarily an application for a 54(b) order requires a trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case * * *'. 28 U.S.C.A., Federal Rules of Civil Procedure, 118–119 note. It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule. See 6 Moore, Federal Practice, 1953, 264–65."

This circuit holds the same view. See Luckenbach Steamship Co. v. H. Muehlstein & Co., 2 Cir., 280 F.2d 755.

The motion before me does not seem to me to present one of the "infrequent harsh cases" calling for the application of Rule 54(b) which are referred to in these opinions and in the Report of the Advisory Committee.

This is not a situation in which "without a decision by the Court of Appeals * * * we would just be wandering in an area where we could not see our way out if we tried any other issue until this case is decided." See Cold Metal Process Co. v. United Engineering & Foundry Co., supra, 351 U.S. at page 450, note 5, 76 S.Ct. at page 907.

Here there is a major question of fact as to whether or not the claims stated in the complaint and the claims stated in the first counterclaim arise out of the same arrangements and the same transactions and occurrences, and are so closely related as to be inherently inseparable. Marzotto claims that they are separable and independent since the collections were made under the sales agency agreement. Defendant claims that both claims arise out of the same arrangements and course of dealing concerning collection, are in fact so closely related as to be inherently inseparable, and that the mutual accounts should be settled together to determine what is due and owing and to whom. As I have pointed out, this issue cannot be determined on the record now before me. It must be resolved at a trial.

Marzotto's argument that final judgment should be entered because the claim stated in the complaint arises out of the selling agency agreement begs the whole question. The difficulty with its position is illustrated by its reliance on Omark Industries, Inc. v. Lubanko Tool Co., Inc., 2 Cir., 266 F.2d 540. There the Court of Appeals of this circuit affirmed the granting of final summary judgment for the plaintiff for the amount demanded in the complaint under Rules 56 and 54(b) even though several counterclaims by the defendant were pending. But the claim stated in the complaint was for goods sold

and delivered based upon specific purchase orders, whereas the counterclaims were predicated upon an alleged breach of a franchise agreement between the parties. Therefore the two claims were held independent of one another and the district court properly exercised its discretion in holding there was no just cause for delay.

Here, on the other hand, one of the very issues of fact in dispute between the parties is as to whether the Marzotto claim and the Vedovi first counterclaim are separable or inseparable, independent or closely related.

Marzotto has not established on this motion either that Vedovi's first counterclaim is without merit or that it is so independent of and separable from the claim asserted in the complaint as to call for a final judgment on the latter before the issues raised by the former have been determined at a trial. It does not appear that the ultimate disposition of the litigation will be expedited or advanced by such a judgment at this stage. There is no need for an appellate review to determine issues which will guide the trial court in reaching a correct determination on the issues to be tried. It appears that the case will shortly be ripe for trial and can be placed on the trial calendar.

Nor is there any showing that the financial position of Vedovi is such that a delay in the entry of final judgment would be prejudicial to the collection of any monies that might eventually be due Marzotto. It is all very well to say, as does Marzotto, that enforcement of a final judgment entered now can be stayed by the posting of a bond or the imposition of other conditions under Rule 62(h), F.R.C.P. But whether immediate collection be enforced or not, Vedovi should not be put to the burden of having a substantial judgment outstanding against it as of record in the absence of compelling circumstances not present in this record.

I therefore hold in the exercise of my discretion that Marzotto is not en-titled to "an express determination that there is no just cause for delay and an express direction for the entry of judgment" on the claim stated in its complaint at this stage of the action under Rule 54(b). Its motion for such relief will be denied.

Here, Rule 56(d) provides all the relief to which plaintiff is presently entitled, which is a finding that there is no controversy as to the undisputed fact that Vedovi has collected the sum of $206,054.32 for Marzotto's account and is holding such money. Pursuant to Rule 56(d) "upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

Settle order on notice.