Keating, J.
 

 Plant City Steel Corporation answered an advertisement in a trade publication placed by National Machinery Exchange, Inc., a dealer in used industrial machinery. National had advertised for sale a Kane and Roach, No. 23, Horizontal Angle Roll machine, and upon National’s request forwarded to Plant City a picture of the machine which described its capacity. The machine was represented to be able to bend metal angles, leg out, of 6 inches by 6 inches by 1 inch. The price asked for the machine was $16,000.
 

 Plant City negotiated for the purchase of the machine. The documents of sale contained a warranty that the machine would perform as specified in the advertisement. After Plant City installed the machine it attempted to roll a piece of flat bar 6 inches by 1 inch. The metal bar shattered the tooling of the machine. The tooling was repaired and another metal bar placed in the machine. Again the tooling was shattered. The plaintiff
 
 *475
 
 procured a capacity chart for this particular machine and discovered that it could not perform the operations warranted by National. The maximum capacity of the machine purchased could only bend angle legs of metal bars up to 5 inches by 5 inches by % inch. Plant City’s manager telephoned National and disclosed the problem, noted National’s breach of contract and demanded repayment of the purchase price, together with installation and freight charges. National refused. The president of the plaintiff corporation thereafter visited National’s office and renewed the company’s demand. After being rebuffed once again, Plant City instituted an action to recover its expenditures for the machine.
 

 After issue had been joined in this litigation, the parties entered into a written stipulation of settlement. Under the terms of the settlement, the defendant agreed to pay the plaintiff $13,000 upon the return of the machine. The plaintiff warranted the machine would be returned in the same condition it was when received. The machine subsequently was returned, but the defendant refused to accept delivery claiming it was not in the same condition as when originally delivered.
 

 Thereafter, the plaintiff made a motion for leave to serve a supplemental complaint in the original action setting forth as an additional cause of action the breach of the written stipulation agreement. The defendant did not oppose the motion, and it was granted. The causes of action stated in the supplemental complaint were the original breach of contract and loss of profit plus the breach of the executory accord.
 

 Section 15-501 (suhd. 3) of the General Obligations Law provides : “If an executory accord is not performed according to its terms by one party, the other party shall be entitled either to assert his rights under the claim, cause of action, contract, obligation, lease, mortgage or other security interest which is the subject of the accord, or to assert his rights under the accord. ’ ’ The statute does not specify when the aggrieved party must make his election. Only one decision has addressed itself to this particular issue. In
 
 Elliott
 
 v.
 
 Prochter Prods.
 
 (282 App. Div. 758) it was held that a “ [p]laintiff may not join a cause of action for breach of contract and a cause of action based on an alleged settlement of the cause of action for breach of contract.” The court held that this result was dictated as a matter of sub
 
 *476
 
 stantive law. It stated: “ The alternatives are not to be presented in a pleading bnt represent a choice which must be made by the plaintiff in advance of pleading.” The court, therefore, ordered the plaintiff to make an election between the two causes of action in an amended complaint. The decision upheld the defendant’s contention that such an election had to be made. We dismissed the appeal taken from this order as nonfinal (306 N. Y. 629). The question of when an election must be made has, therefore, never been decided by this court.
 

 The trial court in the present action permitted the plaintiff to make its election after all the evidence had been adduced by both parties. The court reasoned that, since the defendant had not opposed the plaintiff’s motion for leave to serve a supplemental complaint, the order permitting the pleading of the breach of the executory accord along with the contract action became the law of the case. The trial court, confronted with the different causes of action in the complaint, required the defendant to defend both the accord and the contract claims and did not require the plaintiff to elect which remedy he wanted to pursue at trial since the court could not determine after the plaintiff’s case who had breached the executory accord.
 

 The Appellate Division, First Department, affirmed because “ the defendant did not object to the pleading of the inconsistent causes * * * [and] under the special circumstances here, must be deemed to have waived whatever right it may have had before the trial to compel the plaintiff to make an election between the alleged inconsistent causes. ’ ’ The decision, however, announced its belief that the holding in
 
 Elliott (supra)
 
 was still viable.
 

 The requirement imposed in
 
 Elliott
 
 that a plaintiff must elect before trial, as a matter of substantive law, between pursuing the accord or the underlying claim, is needlessly wasteful of judicial time, contrary to the liberal pleading requirements presently in effect, and not required by the language of the provision or its statutory history. The Legislature, in providing for the enforcement of executory accords, recognized that a party to such an agreement should be able to sue on the underlying claim if the other party to the accord breached the agreement. The aggrieved party was given a two-pronged remedy. He could choose to prosecute his original claim or pursue the accord. The
 
 *477
 
 Legislature, however, did not specify when the election should be made. CPLR 3014 explicitly provides for pleading alternatively and hypothetically in setting forth causes of action. Though this type of pleading may occasionally result in confusion to the defendant, he is protected from any prejudice by the court’s power to sever causes of action and order separate trials or to require an orderly presentation of issues at trial. The spirit of the pleading provisions contained in the CPLR clearly indicates that procedural niceties are not ends in themselves, but only means to substantive justice. There is no need to force a plaintiff to. elect between hypothetical or alternative causes of actions at the pleading stage. (See
 
 Grant Co.
 
 v.
 
 Uneeda Doll Co.,
 
 19 A D 2d 361, affd. 15 N Y 2d 571; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3014.11, 3014.12.)
 

 It is clear that, in those instances in which an executory accord is present, a party can only prevail in an action on the underlying claim if the accord has been breached by the other party. The practice prescribed in
 
 Elliott
 
 is needlessly wasteful because it ofttimes will require the institution of two actions. If the plaintiff’s initial decision as to which action he should pursue is incorrect, he will be forced to begin another action to seek recovery. Since the plaintiff cannot recover on the original claim if the defendant has neither breached nor repudiated the accord, this issue will necessarily be raised by the defendant in any action pursued by the plaintiff to recover on the original claim. (See
 
 Goldbard
 
 v.
 
 Empire State Mut. Life Ins. Co.,
 
 5 A D 2d 230.) If the accord is raised as an affirmative defense it will, if meritorious, bar any recovery. However, the plaintiff will still be able to institute another action at a later time to recover under the terms of the accord. The first action would not foreclose the plaintiff from instituting a second suit on the theory of an election of remedies. (See
 
 Smith
 
 v.
 
 Kirkpatrick,
 
 305
 
 N.
 
 Y. 66.)
 

 Therefore, even though the plaintiff is seeking entirely different forms of relief, the two claims are interdependent. Success in the contract cause of action depends upon the breach of the accord. The proper procedure in respect to a trial of these issues requires the court to determine the accord issue. If the accord has been breached the plaintiff can make his election. (See
 
 Neco Distrs. Corp.
 
 v.
 
 Wilkoff,
 
 7 A D 2d 903.)
 

 
 *478
 
 Since in this case both the trial court and the Appellate Division have found that the accord was breached by the defendant, the plaintiff was privileged to pursue either the original claim or the accord. The plaintiff chose the contract action. The defendant at no time contended that it was surprised or unfairly deprived of an opportunity to produce relevant proofs with respect to the claims in issue.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
 

 Order affirmed.