■ M. J. POSNER CONSTRUCTION COMPANY, INC., Appellant, v VALLEY VIEW DEVELOPMENT CORPORATION et al., Respondents.—Levine, J. Appeal from that part of an order of the Supreme Court at Special Term (Klein, J.), entered January 31, 1985 in Ulster County, which, inter alia, denied plaintiff's motion for summary judgment on the complaint.

Plaintiff and defendants entered into a management contract whereby plaintiff was to supervise the construction of a project on lands owned by defendant Valley View Development Corporation (Valley View). Pursuant to the contract, Valley View made a deposit of $6,650 with plaintiff, which deposit was to be held in escrow and returned to plaintiff at the end of the agreement. Thereafter, the parties entered into a termination agreement rescinding the management contract. Valley View agreed therein to pay to plaintiff two installments of $6,650 each. When the second such payment was not remitted, plaintiff commenced the instant suit for a breach of contract and thereafter moved for summary judgment on the complaint. Special Term denied the motion, holding that since the termination agreement was silent as to the disposition of the escrow funds held by plaintiff, an issue of fact existed as to whether those funds were allocable to the payment sued upon. We now reverse.

When a contract is terminated in the course of performance, any claim which either party may have had regarding any outstanding obligation thereunder is annulled unless it is

expressly or impliedly reserved in the rescission agreement *(Eames Vacuum Brake Co. v Prosser,* 157 NY 289, 295-296; *McCreery v Day,* 119 NY 1, 5; 22 NY Jur 2d, Contracts, § 434, at 356). Generally, the agreement of rescission operates as an accord and satisfaction of the prior covenants *(McCreery v Day, supra,* p 9). Whether the termination agreement here discharged plaintiff's obligation under the management contract to return the escrow funds involves a question of intention to be ascertained from all of the circumstances *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). Since the parties did not submit parol evidence relevant to the resolution of this issue, Special Term was presented with a question of law regarding such intention which should have properly been determined on the motion for summary judgment through an examination of the four corners of the termination agreement *(supra,* at pp 288, 290-291). An examination of that document shows that the parties did not expressly or impliedly reserve defendants' claim. The escrow funds are not mentioned in the termination agreement and the provision for the payment of two installments of $6,650 to plaintiff represented a monthly fee then due and owing and a termination fee. Accordingly, plaintiff's motion for summary judgment on the termination agreement should have been granted.

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for summary judgment on the complaint; motion granted and summary judgment awarded to plaintiff on the complaint; and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.