**LONG ISLAND LIGHTING COMPANY, Plaintiff,**

**v.**

**TRANSAMERICA DELAVAL, INC., Defendant.**

**No. 85 Civ. 6892 (GLG).**

United States District Court, S.D. New York.

Dec. 9, 1986.

Hunton & Williams, New York City, Richmond, Va., for plaintiff; Robert M. Rolfe, Richmond, Va., David Dreifus, Raleigh, N.C., of counsel.

Weil, Gotshal & Manges, Rosenman Colin Freund Lewis & Cohen, New York City, for defendant; Ira M. Millstein, James W. Quinn, Mindy J. Spector, Robert E. Smith, Richard F. Bernstein, of counsel.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiff Long Island Lighting Company ("LILCO") moves to reargue this Court's Opinion dated October 27, 1986 ("Opinion"). 646 F.Supp. 1442. Alternatively, the plaintiff asks that we certify part of our ruling for interlocutory appeal.

### I.  Motion to Reargue

Civil Rule 3(j) of the Rules of the United States District Courts for the Southern and Eastern Districts of New York requires that a party seeking reargument shall set forth any matters or controlling decisions overlooked by the court. LILCO contends that six separate issues were wrongly decided because we "overlooked or misunderstood applicable precedent and the allega-

tions of the Complaint." Plaintiff's Memorandum in Support at 1. Plaintiff cites no authority overlooked by this Court; it merely restates its interpretation of cases previously cited and considered. Plaintiff's differing view of how we should construe the law is not a proper basis for reconsiderating our decision. As for the factual matters allegedly overlooked, although we did not attempt to address each fact set forth in the complaint, no facts were overlooked. Once it was apparent that, regardless of additional allegations of defendant's wrongdoing, a particular claim was untimely or otherwise barred on its face, further factual explication became irrelevant.

One issue, however, does warrant discussion at this time. The plaintiff claims that, in dismissing its breach of contract claim as untimely, we overlooked a contract provision requiring defendant Transamerica Delaval, Inc. ("TDI") to indemnify LILCO "for public charges and penalties for failure to comply with Federal, State or local law or regulations...." LILCO argues that its claim for indemnification arose in 1985, when the Public Service Commission ("PSC") ruled that LILCO, rather than its ratepayers, must bear the cost of certain diesel-related expenses at the Shoreham Nuclear Power Station ("Shoreham"). According to LILCO, its claim to recoup this "cost disallowance" from TDI, pursuant to the indemnification clause, states a timely breach of contract claim.

The question of indemnification was not fully explored by either party in the initial submissions on the motion to dismiss.[1] It was brought into focus, however, at oral argument and in subsequent letters submitted to the Court. Although not entirely overlooked, this matter was not mentioned in the Opinion. Since it raises issues different from those we addressed in dismissing plaintiff's breach of contract claim, we consider it below.

In responding to the instant motion, TDI contends that the indemnification clause is

---

1. The complaint makes no separate, independent claim for indemnification. However, the damages sought by the plaintiff include the cost disallowance. Complaint ¶ 25(g).

not even part of the contract.[2] However, assuming, *arguendo*, that it is a contract term, its language simply does not encompass the costs for which LILCO seeks indemnification.[3]

■ The indemnification provision states, in pertinent part, "Seller [TDI] agrees to indemnify and save harmless Purchaser [LILCO] ... for public charges and penalties for failure to comply with Federal, State or local law or regulations...." We must ask not only whether the diesel-related cost disallowance can be considered a public charge or penalty, but whether it is a public charge or penalty "for failure to comply with Federal, State or local law or regulation." LILCO's letter submission dated March 17, 1986, states that "the PSC's disallowance of costs from LILCO's rate base was premised upon the failure of the defective TDI diesels to comply with (a) Federal law and regulation, since the diesels did not comply with NRC standards in 10 C.F.R. pt. 50, and (b) state law concerning the necessity for utilities to incur costs prudently." *Id.* at 2. LILCO is wrong. First, the cost disallowance was not premised on the diesels' failure to comply with any law or regulation, but upon LILCO's negligent supervision and management of the Shoreham project. Moreover, any requirement that a utility "incur costs prudently" lay with LILCO, not TDI. Had LILCO acted promptly and prudently to rectify the diesel problems, of which it was or should have been aware in 1977, it is very likely that the PSC would not have imposed a multi-million dollar cost

disallowance. Thus, since the cost disallowance, even assuming it to be a public charge or penalty, was not imposed "for failure to comply with Federal, State or local law or regulations," it cannot be charged to TDI under the indemnity clause of the contract.[4] Consequently, LILCO's indemnification claim was properly dismissed, albeit for the reasons stated herein rather than those discussed in the Opinion with respect to plaintiff's breach of contract claim. No other matters or controlling decisions having been overlooked by the Court, plaintiff's motion to reargue is denied.

## II. Motion to Certify Interlocutory Appeal

LILCO moves, alternatively, for certification of an interlocutory appeal of two rulings in our Opinion—our dismissal of LILCO's fraud claim, and our ruling that findings made by the PSC should be afforded collateral estoppel effect. Pursuant to 28 U.S.C. § 1292(b) (1982), we may certify an order for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal ... may materially advance the ultimate termination of the litigation...." We do not find this standard met for either ruling on which LILCO seeks certification.

### A. Fraud Claim

■ The plaintiff requests that we certify "the issue of ... whether LILCO's fraud claim states an independent cause of action for fraud." Plaintiff's Memoran-

---

**2.** TDI asserts that the indemnification clause is not part of the parties' contract because it was included in LILCO's acceptance and constituted a material alteration of the terms of TDI's offer. *See* N.Y.U.C.C. § 2–207(2)(b). We find this argument somewhat disingenuous since TDI included this clause as a "Relevant Contract Document" in an appendix to its original motion to dismiss.

**3.** TDI also asserts that LILCO's indemnification claim is premature because LILCO has not yet suffered any loss. We need not consider this argument since we find the language of the clause dispositive as to whether LILCO's indemnification claim can stand.

**4.** LILCO also argues that the "PSC disallowances were a consequence of TDI's failure to remedy the diesels' defects...." Plaintiff's Memorandum of Law in Support of Motion for Reargument at 16. Thus, LILCO suggests that the cost disallowance may be recovered as consequential damages. To do so, however, LILCO must demonstrate that TDI, acting in bad faith, breached its warranty to repair and replace. Moreover, LILCO would then have to show whether and to what extent the cost disallowance was a consequence of such a breach.

dum in Support at 16–17. Initially, we note that an interlocutory appeal is taken from an "order," not an "issue" or a question. *See Isra Fruit Ltd. v. Agrexco Agricultural Export Co.*, 804 F.2d 24, 25 (2d Cir.1986); *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1156–57 (2d Cir.1986). After reviewing the parties' arguments and noting several New York cases that have rejected fraud claims which were incidental to breach of contract claims, we accepted, *arguendo*, that plaintiff had presented an independent fraud claim. We nevertheless dismissed that claim on grounds of untimeliness and failure to plead the necessary elements of fraud, particularly, justifiable reliance. Opinion at 1449–52. Consequently, since we did not dismiss LILCO's fraud claim for failing to state an independent cause of action, there is no such order from which to certify an interlocutory appeal. This part of LILCO's motion is, therefore, denied.

### B. Collateral Estoppel

The plaintiff also asks that we certify for appeal our order affording collateral estoppel effect to findings of the PSC prudence proceeding.[5] Under the standard for certifying an interlocutory appeal, we find no "controlling question of law" as to which any "substantial ground for difference of opinion" exists. New York's law on collateral estoppel is clear; quasi-judicial determinations of administrative agencies can be afforded collateral estoppel effect. *Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 499, 467 N.E.2d, 487, 489–90, 478 N.Y.S.2d 823, 825–26 (1984). If any ground for difference of opinion exists in this regard it bears upon applying this law to the circumstances of a particular case. *See Zanghi v. Incorporated Village of Old Brookville*, 752 F.2d 42, 46 (2d Cir.1985). LILCO suggests that a controlling question of law exists regarding the preclusive effect given to a PSC proceeding because our ruling "may well have precedential value for nu-

merous other cases and proceedings of the PSC." Plaintiff's Memorandum in Support at 18. However, we do not suggest that all PSC proceedings rise to the level of "quasi-judicial." Our holding is unique to the Shoreham prudence proceeding, and has no precedential value for general application.

■ As a matter of policy, interlocutory appeals should be reserved for exceptional cases, where such appeal may avoid protracted litigation; the purpose is not to review the correctness of an interim ruling. *See* 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, *Federal Practice and Procedure*, § 3929 at 135 (1977). Certification may possibly be more freely granted in "big cases." *Id.* at 158. However, we cannot agree with LILCO that this case is comparable to the multi-district antitrust case with which LILCO analogizes it. *See Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 494 F.Supp. 1190 (E.D.Pa. 1980), *aff'd in part, rev'd in part sub nom. In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 319 (3d Cir. 1983), *cert. granted*, 471 U.S. 1002, 105 S.Ct. 1863, 85 L.Ed.2d 157 (1985).

■ As for materially advancing the ultimate termination of this litigation, an interlocutory appeal is more likely to delay its conclusion. The roots of this case date back more than ten years. Thousands of pages of documents and testimony were reviewed by the PSC. Hundreds of pages of papers have been submitted to this Court; hundreds more will inevitably be submitted before final judgment is entered and that judgment appealed. Certification of an interim appeal is not likely to stem the flow of paper or bring this case to a speedy conclusion. Under all these circumstances, we decline to certify an interlocutory appeal on the collateral estoppel ruling.

SO ORDERED.

---

5. Needless to say, LILCO first asked that we reconsider this ruling. However, LILCO asserts the same argument it previously made, *i.e.*, that the PSC proceeding was merely ratemaking and, therefore, its findings should not be afforded collateral estoppel effect. This question was fully considered and rejected in our opinion.