Norman M. BRUCE, et al., Plaintiffs,

v.

Thomas A. MARTIN, et al., Defendants.

No. 87 Civ. 7737 (RWS).

United States District Court,
S.D. New York.

Dec. 16, 1988.

Beigel & Sandler, New York City, for plaintiffs; Lewis S. Sandler, of counsel.

Spengler Carlson Gubar Brodsky & Frischling, New York City, for defendants; Robert S. Carlson, Richard P. Swanson, Maria L. Ciampi, of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs, limited partners in the 25 defendant limited partnerships, have moved pursuant to Rule 3(j) of the Civil Rules of the Southern and Eastern Districts: (1) to reargue the portion of the opinion of this court dated July 15, 1988 (the "July Opinion"), *Bruce v. Martin*, 691 F.Supp. 716 (S.D.N.Y.1988), which dismissed the RICO claim in their Second Amended Complaint, and, upon reargument, for an order upholding the RICO claim; or (2) to amend the RICO claim of the Second Amended Complaint; or (3) to relieve plaintiffs from the operation of the July Opinion by granting plaintiffs leave to appeal the RICO claim pursuant to Fed.R.Civ.P. 54(b) on the

grounds that the order is final and there is no just reason for delay; or (4) to amend the July Opinion to permit an appeal pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, plaintiffs' motion to reargue is granted, and, upon reconsideration, the RICO claim is again dismissed. Plaintiffs' motions to amend the Second Amended Complaint and to allow appeal pursuant to F.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b) are denied.

*Prior History*

The July Opinion denied in part and granted in part defendants' motion to dismiss the Second Amended Complaint. The plaintiffs' claims under the Securities Laws were upheld, except for Section 17(a) of the Securities Act. The court also upheld the Common Law fraud claim. The RICO claim, however, was dismissed.

*Reargument*

■ Rule 3(j) of the Civil Rules of this court requires that movant set forth "the matters or controlling decisions which counsel believes the Court has overlooked. . . ."

Plaintiffs contend that this court overlooked specific allegations of the Second Amended Complaint in arriving at its decision to dismiss the RICO count. They also discuss the decisions cited by the court in the July Opinion "in light of the matters which may have been overlooked." Reply Memo. at 2. Finally, they point out recent decisions which they believe may influence the court.

In the July Opinion, this court considered the Second Amended Complaint in its entirety. Plaintiffs have proffered no new evidence or facts which the court has not already considered, including the specific paragraphs in the Second Amended Complaint that plaintiffs cite in their brief on this motion. Similarly, the court's treatment of the cases cited in reference to the RICO claim were considered in light of all allegations in the Second Amended Complaint. However, reargument is appropriate on the grounds that plaintiffs have cited additional authorities, which plaintiffs believe are similar to this case, in which RICO claims have been upheld.

*Dismissal of the RICO Claim*

■ The July Opinion dismissed the civil RICO claim on the grounds that the Second Amended Complaint fails to allege that defendants' activities or unlawful goals are continuing. This court pointed out that the limited partnerships at issue were "by their terms limited to a duration of slightly more than five years." July Opinion at 28–29.

According to plaintiffs, however, instead of ceasing to function, defendants' enterprise is ongoing because it involves "a never-ending pyramid" which allows defendants to conceal fraud and ensure large fees into the future. In this sense, plaintiffs argue that it is similar to *Ohman v. Kahn,* 685 F.Supp. 1302 (S.D.N.Y.1988) (Keenan, J.) and *County of Suffolk v. Long Island Lightning Co.,* 685 F.Supp. 38 (E.D.N.Y. 1988) (Weinstein, J.), where RICO claims were upheld. However, *Ohman* and *County of Suffolk* are distinguishable.

In *Ohman v. Kahn,* the court held that there were continuing activities sufficient to support a RICO claim where plaintiffs alleged that between 1974 and 1978, defendants, through false representations, induced plaintiffs to invest in a corporation to market the water of Vilcabamba, Ecuador, and that after 1984, plaintiffs, acting upon further false representations, made additional investments. In particular, the court explained that the "Vilcabamba scam as alleged did not have an 'obvious terminating goal or date.'" *Ohman v. Kahn,* 685 F.Supp. at 1309 (S.D.N.Y.1988) (quoting *Albany Insurance Co. v. Esses,* 831 F.2d 41, 44 (2d Cir.1987), quoting *United States v. Ianniello,* 808 F.2d 184, 192 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 3230, 97 L.Ed.2d 736 (1987)). As seen, this court has already determined that the limited partnerships in the instant case had limited lifespans. Further, not only did the partnerships terminate within five years, but also, no additional partnerships have been formed since 1986. Thus, even if plaintiffs' theory of a "ponzi scheme" pursuant to which new partnerships propped up existing partnerships is true, the scheme necessarily terminated when new partnerships ceased to be

formed. Therefore, *Ohman* in no way causes this court to change its opinion on the RICO count.

Similarly, *Suffolk County v. Long Island Lightning Co.*, 685 F.Supp. 38 (E.D. N.Y.1988) is distinguishable. In *Suffolk County*, plaintiffs alleged that Long Island Lightning Co. ("LILCO") committed frauds designed to obtain higher rates for LILCO which would continue "into the indefinite future." *Id.* at 39. Again, because the frauds alleged by plaintiffs in the instant case were limited to a definite end point, *Suffolk County* does not save the RICO claim.

*Leave to Amend the RICO Claim*

■ Plaintiffs contend that they should be given leave to replead pursuant to Fed. R.Civ.P. 60(b) to allege with more specificity the "continuous, non-discrete, non-finite nature of the enterprise." However, leave to amend should not be granted where it is futile. *Albany Insurance Co. v. Esses*, 831 F.2d 41, 45 (2nd Cir.1987). Here, even if plaintiffs allege with specificity their theory of a ponzi scheme, as seen, because the creation of new partnerships ended in 1986, the enterprise is clearly finite. Therefore, leave to amend is denied.

*Fed.R.Civ.P. 54(b)*

■ Plaintiffs also urge the court to allow an immediate appeal on the RICO claim pursuant to Rule 54(b). According to Rule 54(b):

When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to ... fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Originally, 54(b) was enacted "to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case. It was not designed to overturn the settled and historic federal rule against piecemeal appeals." *Gaetano Marzotto & Figli, S.P.A. v. G.A. Vedovi & Co.*, 28 F.R.D. 320, 323 (S.D.N.Y. 1961). In *Sears, Roebuck & Co. v. Mack-*

*ey,* however, the Supreme Court indicated that it might be an abuse of discretion for the district court to enter final judgment on part of a litigation where the claim is "inherently inseparable from, or closely related to," the claims still pending. 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (*cited in Gaetano*, 28 F.R.D. at 324). Plaintiffs' RICO claim and the securities claims are "closely related" and are based upon the same facts and transactions. Thus, Rule 54(b) is not applicable to the RICO claim.

Additionally, there is the criterion of the "infrequent harsh case" where denial of final judgment on a particular claim causes harm to the party seeking the final judgment. *Panichella v. Pennsylvania R.R. Co.*, 252 F.2d 452, 455 (3d Cir.1958). *See also Luckenbach Steamship Co. v. M. Muehlstein & Co.*, 280 F.2d 755 (2d Cir. 1960). Here, there will be no hardship or injustice to plaintiffs. Indeed, appellate review of the adequacy of the RICO claim would only delay the resolution of the identical facts which be presented on the securities claims.

*28 U.S.C. § 1292(b)*

■ Finally, plaintiffs urge the court to allow them to appeal under 28 U.S.C. § 1292(b), which provides in part:

When a district judge, in making in a civil action an order not otherwise appealable under this Section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial grounds for a difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, he shall so state, in writing, in such order.

The most recent Second Circuit case is *Beauford v. Helmsley*, 843 F.2d 103 (2nd Cir.1988). As in the present case, *Beauford* affirmed a dismissal of a RICO claim where the allegations did not satisfy RICO's continuity requirement, thus perhaps minimizing the substantiality of the grounds for an opinion differing from that set forth in the July Opinion. In any case, in view of the impending *en banc* decision

in *Beauford v. Helmsley*, there is no reason to believe that an immediate appeal will advance the determination of the action and therefore certification is denied.

For the reasons stated the plaintiffs' motions are denied. Discovery will be completed by March 29, 1989 and the pretrial order filed April 12, 1989.

It is so ordered.