**Norman M. BRUCE, et al., Plaintiffs,**

v.

**Thomas A. MARTIN, et al., Defendants.**

**87 Civ. 7737(RWS).**

United States District Court,
S.D. New York.

May 18, 1989.

---

Beigel & Sandler, New York City, for plaintiffs.

Spengler Carlson Gubar Brodsky & Frischling, New York City, for defendants.

## OPINION

SWEET, District Judge.

Plaintiffs in this action have moved by letter to reconsider the opinions of this court dated July 15, 1988 and December 16, 1988 and, upon reconsideration, to reinstate the RICO claim. In the event that their RICO claim is deemed inadequate, plaintiffs seek leave to amend their Complaint. Alternatively, plaintiffs seek leave to appeal under 28 U.S.C. § 1292(b). For the reasons set forth below, the motion to reconsider is granted, and upon reconsideration, the RICO claim is dismissed. Plaintiffs motion to amend their Complaint is granted, and their motion for leave to appeal is denied.

*Prior Proceedings*

By opinion of this court dated July 15, 1988, *Bruce v. Martin*, 691 F.Supp. 716 (S.D.N.Y.1988) (the "July Opinion"), the RICO claim was dismissed for failure adequately to plead continuity of the enterprise element. A motion by plaintiffs to reargue the dismissal of the RICO claims was denied by the opinion of this court dated December 16, 1988, *Bruce v. Martin*, 702 F.Supp. 66 (S.D.N.Y.1988) (the "December Opinion"). Familiarity with these earlier decisions is assumed. On February 3,

1989, plaintiffs again moved to reconsider the dismissal of the RICO claim in light of the *en banc* decisions of the Court of Appeals for the Second Circuit in *Beauford v. Helmsley,* 865 F.2d 1386 (2d Cir.1989) and *United States v. Indelicato,* 865 F.2d 1370 (2d Cir.1989).

*The RICO Claims*

RICO § 1962(c) makes it unlawful:

for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

■ In order to state a claim under RICO, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R. L. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Further, to allege a pattern of racketeering activity, a complaint must allege "continuity plus relationship." *Id.* n. 14.

■ The recent Second Circuit decisions, *Beauford v. Helmsley* and *United States v. Indelicato,* did not eliminate the need for continuity in asserting a RICO claim. Rather, they shifted the focus of the continuity element from enterprise to pattern. *Beauford,* 865 F.2d at 1391; *Indelicato,* 865 F.2d at 1381. Thus, although a RICO claim may be pleaded properly without an allegation that an enterprise has no demonstrable end point, it is necessary to allege that "there is continuity or a threat of continuity" to the racketeering acts. *Indelicato* at 1381; *see also Beauford* at 1391.

■ To establish the threat of continuing activity, the complaint must "plead a basis from which it could be inferred that the acts of racketeering activity were neither isolated nor sporadic." *Beauford* at 1391. One such basis could be the nature of the enterprise. *Indelicato* at 1383. For example, "[e]ven where the enterprise is legitimate, if the racketeering acts were performed at the behest of an organized crime group, that fact would tend to belie any notion that the racketeering acts were sporadic or isolated." *Id.* at 1384.

■ However, the nature of the enterprise is not always sufficient to establish a threat of continuity. As the Second Circuit has said:

[w]hen ... there is no indication that the enterprise whose affairs are said to be conducted through racketeering acts is associated with organized crime, the nature of the enterprise does not of itself suggest that racketeering acts will continue, and proof of continuity or the threat of continuity of racketeering activity must be found in some factor other than the enterprise itself.

*Beauford* at 1391.

There is no factor here which suggests continuity or the threat of continuity. First, there is no allegation of a tie to organized crime, as there was in *Indelicato.* Similarly, this case is different from *Beauford,* where the Court found continuity based upon the fact that some of the apartment units remained unsold and that there would be further amendments to the offering plan and therefore future mailings ("there was reason to believe that similarly fraudulent mailings would be made over an additional period of years."). *Beauford* at 1392.

As seen in the July and December Opinions, the alleged scheme was the offering of units in Kinderhill limited partnerships. All of the interests were sold in the year of formation of each partnership, and·the limited partnerships were by their terms limited to a duration of slightly more than five years. There is nothing in the Complaint which even suggests a possibility of further investment in the defendant limited partnerships or in new limited partnerships. The "roll-up" of the partnership assets into Kinderhill Select does not demonstrate continuity of the scheme, for, under the terms of the roll-up, each partnership became a shareholder in Kinderhill Select, and upon the stated expiration date of each partnership, each of the limited partners was to receive his or her proportional share of the common stock of Kinderhill Select as a liquidating dividend.

Furthermore, as for the offering of interests in a new Kinderhill Limited Partnership in 1987, plaintiffs have not alleged that it is related to the alleged ponzi scheme here, and thus have not adequately alleged continuity or a threat of continuity, as required.

■ Therefore, the RICO claims are dismissed for failure to plead adequately continuity of activity. However, plaintiffs are granted leave to amend their Complaint to show that there is continuity or a threat of continuity in the alleged racketeering activities.

*28 U.S.C. § 1292(b)*

28 U.S.C. § 1292(b) provides:

When a District Judge, in making in a civil action an order not otherwise appealable under this Section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial grounds for a difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, he shall so state, in writing, in such order.

■ As the Honorable Gerard L. Goettel has stated in *Long Island Lighting Co. v. Transamerica Delaval, Inc.,* 648 F.Supp. 988 (S.D.N.Y.1986), "[a]s a matter of policy, interlocutory appeals should be reserved for exceptional cases, where such appeal may avoid protracted litigation.... Certification may possibly be more freely granted in 'big cases.'" citing 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, *Federal Practice and Procedure,* § 3929 at 135 (1977). Because this is not such an exceptional case, there is no need for an interlocutory appeal.

*Conclusion*

For the reasons above, the motion to reconsider the July and December Opinions is granted, and upon reconsideration, the RICO claim is dismissed. Plaintiffs motion to amend their Complaint is granted, and their motion for leave to appeal is denied.

It is so ordered.