Norman M. BRUCE, et al., Plaintiffs,

v.

Thomas A. MARTIN, et al., Defendants.

No. 90 Civ. 1002 (RWS).

United States District Court,
S.D. New York.

June 19, 1991.

Beigel & Sandler, Ltd., New York City (Marilyn Neiman, of counsel), for plaintiffs.

Spengler Carlson Gubar Brodsky & Frischling, New York City (Robert S. Carlson, of counsel), for defendants.

## OPINION

SWEET, District Judge.

Defendant Thomas A. Martin and various defendants aligned in interest with him ("the Kinderhill Defendants") have moved pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings in this and two related cases, *Bruce v. Martin*, 87 Civ. 7737 (RWS) ("*Bruce I*")[1] and *Malone v. Martin*, 90 Civ. 4651 (RWS), and for an injunction preventing plaintiffs' counsel from several related actions. For the following reasons, the motion is denied.

*Background*

The parties, underlying facts, and prior proceedings are set forth in the prior opinions in this case and related cases, familiarity with which is assumed. *E.g., Bruce v. Martin*, 712 F.Supp. 442 (S.D.N.Y.1989); *Thornock v. Kinderhill Corp.*, 712 F.Supp. 1123 (S.D.N.Y.1989).

*The Facts*

Nearly two years after filing the original complaint in *Bruce I*, the plaintiffs entered into a settlement agreement ("the Agreement") with the Kinderhill Defendants, intended to dispose of all of the claims against those defendants in both *Bruce I* and the closely-related *Thornock* action, 88 Civ. 3978 (RWS). Pursuant to the Agreement, the Kinderhill Defendants were to pay the plaintiffs a total of $275,000, $50,000 upon the signing of the Agreement and the balance in payments of $175,000 and $50,000. In return, the plaintiffs agreed to dismiss the Kinderhill Defendants from both *Bruce I* and *Thornock* and to refrain from instituting any further actions against them. Paragraph 8(b) of the Agreement specifically provided

If the $175,000 payment to plaintiffs ... is not timely made, plaintiff [*sic*] may either (i) rescind this Agreement by notice in writing to Kinderhill Corporation and Thomas A. Martin, or (ii) sue for breach.

In addition, the plaintiffs' counsel agreed not to assist in any other actions against any of the Kinderhill Defendants arising out of the transactions at issue in *Bruce I*.

The Kinderhill Defendants concede that after paying the initial $50,000, they have defaulted on their remaining obligations under the Agreement. When the $175,000 payment was not made, the plaintiffs decided to reassert the underlying claims against the Kinderhill Defendants, and accordingly sought to reopen the settlements in *Bruce I* and *Thornock*. At the same time, the plaintiffs instituted this action, repeating most of the claims in *Bruce I* ("the Securities Claims") and adding a new claim for breach of the Agreement.[2] On this new claim, they seek both rescission of the Agreement and monetary damages for the breach.

The present motion seeks judgment in the defendants' favor in both *Bruce* actions, and seeks to enforce the provision of the Agreement regarding the plaintiffs' counsel by obtaining an injunction against their prosecution of the *Malone* action and a similar state court action, *Christensen v. Martin* (Sup.Ct.N.Y.Co.). The motion was filed on May 30, 1991, and oral argument was heard on June 13.

*Discussion*

1. Restoration of the $50,000 is not required.

■ The Kinderhill Defendants argue first that the plaintiffs' request for re-

---

1. This action, 90 Civ. 1002, will be referred to as "*Bruce II*."

2. The Securities Claims are the First through the Eleventh causes of action, while the Twelfth cause of action is based on the breach of the Agreement.

scission must be denied because they have made no effort to restore the defendants to the status quo ante by repaying or even tendering repayment of the initial $50,000 settlement payment. Accordingly, the defendants assert that the Agreement remains in full force and that judgment in their favor on the Securities Claims both in this case and in *Bruce I* is warranted.

In making this argument, the defendants rely primarily on *Cox v. Stokes*, 156 N.Y. 491, 51 N.E. 316 (1898) and *Lee v. Vacuum Oil Co.*, 126 N.Y. 579, 27 N.E. 1018 (1891) for the principle that prior to seeking recission of a contract a plaintiff must restore to the defendant any benefits received under the contract. However, those two cases have been overruled by New York CPLR § 3004, which provides that

> A party who ... seeks rescission ... shall not be denied relief because of failure to tender before judgment restoration of ... benefits; but the court may make a tender of restoration a condition of its judgment....

Thus the plaintiffs' failure to restore the $50,000 to the Kinderhill Defendants is not fatal to their rescission claim.

Moreover, the plaintiffs in *Cox* and *Lee* based their claims for rescission on allegations of fraud by the defendants. In contrast, the plaintiffs here are asserting a right of rescission granted by the contract itself. In such a case, New York law provides that the language of the rescission agreement governs the treatment of benefits received by the rescinding party prior to rescission. The general rule is that

> Where a contract is rescinded while in the course of performance, any claim in respect of performance, or of what has been paid or received thereon, will ordinarily be referred to the agreement of rescission and in general no such claim can be made unless expressly or impliedly reserved upon the rescission.

*McCreery v. Day*, 119 N.Y. 1, 5, 23 N.E. 198 (1890) (citation omitted); *accord Eames*

*Vacuum Brake Co. v. Prosser*, 157 N.Y. 289, 295–96, 51 N.E. 986 (1898); *M.J. Posner Constr. Co. v. Valley View Devel. Corp.*, 118 A.D.2d 1001, 1002, 499 N.Y.S.2d 997 (3d Dep't 1986).

Here the Agreement authorized the plaintiffs to rescind in the event that the Kinderhill Defendants did not make the $175,000 payment due at the end of 1989. Particularly in light of the fact that the initial $50,000 was paid at the time of the signing, the failure to provide in the Agreement for treatment of any amounts paid prior to rescission compels the conclusion that restoration was not intended to be a condition to rescission.[3]

Therefore, judgment in the defendants' favor on the claim for rescission is not warranted at this time.

2. The plaintiffs must make an election of remedy.

█ The Kinderhill Defendants next assert that the plaintiffs should be required to elect whether they will pursue their claim for rescission or that for breach of the Agreement, so that the defendants will know which claim they will be expected to defend at trial. The general rule is that such an election is not required until the time of trial. *Plant City Steel Corp. v. National Machinery Exchange, Inc.*, 23 N.Y.2d 472, 297 N.Y.S.2d 559, 245 N.E.2d 213 (1969). However, in *Plant City Steel* the Court of Appeals explained that the purpose of this rule was to avoid the "needlessly wasteful" practice of forcing a plaintiff suing for breach of a settlement agreement to pursue only one claim at a time, which could lead to repetitive suits if the first claim was denied. Thus if the plaintiff initially elected to seek rescission of the settlement but the claim was denied, a second action would be required to collect damages for the breach. *See* 23 N.Y.2d at 477, 297 N.Y.S.2d at 562, 245 N.E.2d at 216.

---

**3.** This is not to say that the Kinderhill Defendants might not be entitled to recover the $50,000, but merely that the plaintiffs need not make an offer of restoration in order to exercise their right to rescind the contract. The defendants are of course free to seek recovery by way of a counterclaim or as a set-off in the event of an adverse judgment.

The concerns identified in *Plant City Steel* are not present here. Although the plaintiffs seek rescission as a remedy for the breach of the Agreement, in fact they do not require the court's permission to rescind. Rather, they may rescind simply by exercising their right to do so under the Agreement. There is therefore no risk that if the plaintiffs elect now to pursue rescission they might fail and be forced to recommence an action for breach of the Agreement.[4]

On the other hand, allowing the plaintiffs to delay their election will prejudice the Kinderhill Defendants. If the plaintiffs elect not to rescind the Agreement, then they are not entitled to press their Securities Claims against the defendants and their counsel is not entitled to participate in other actions against the same defendants. If they are allowed to wait until after trial to elect, the Kinderhill Defendants will be denied the protection which they sought in negotiating the Agreement. The concerns of fundamental fairness dictate that the plaintiffs must now decide whether they will put the Kinderhill Defendants to the task of defending the Securities Claims or whether they will affirm the Agreement and seek damages for its breach.

*Conclusion*

For the foregoing reasons, judgment on the pleadings is not appropriate and the Kinderhill Defendants' motion is therefore denied at this time. The plaintiffs are directed to amend their complaint in *Bruce II* to clarify whether they wish to rescind the Agreement or to collect damages for its breach.

It is so ordered.

---

4. Of course, the plaintiffs still face the risk that the course of action which they elect to pursue might end up being less profitable than the alternative, but this risk is merely the ordinary risk of accepting a negotiated settlement rather than pursuing a litigated judgment.