In 2004, the plaintiff purchased certain real property in the Village of Piermont, (hereinafter the plaintiffs property). The defendant, CVFF Development Corp., purchased the vacant land adjacent to the plaintiffs property, and constructed a large home thereon (hereinafter the adjoining parcel). The plaintiff, alleging that the defendant’s construction on the adjoining parcel damaged her property, commenced this action. After several years of litigation, in April 2008, the plaintiff and the defendant negotiated a settlement of the action. During negotiations, the defendant revealed that it had entered into a contract to sell the adjoining parcel with its newly constructed home to Max Kaplan and Mary Kaplan (hereinafter together the Kaplans). When the plaintiff and the defendant entered into a so-ordered stipulation of settlement (hereinafter the Stipulation), the Kaplans executed a companion rider to their contract to purchase the adjoining parcel from the defendant, pursuant to which they agreed to permit certain work to be done on the adjoining parcel pursuant to the Stipulation.
The plaintiff thereafter moved to hold the defendant in contempt of court, alleging that it willfully violated the Stipulation (hereinafter the contempt matter). The court directed a hearing, but the contempt matter was settled in open court on June 29, 2009 (hereinafter the contempt settlement), and, thus, removed from the court’s calendar.
*775 In January 28, 2010, alleging that the contempt settlement was in fact an accord pursuant to General Obligations Law § 15-501 which remained unsatisfied because of the defendant’s failure to perform its obligations under the contempt settlement, the plaintiff moved to restore the contempt matter to the court’s calendar. The defendant opposed the motion. The Supreme Court denied the motion to restore, the plaintiff appeals, and we affirm.
“Before a party is entitled to the relief provided by [General Obligations Law § 15-501 (3)], he [or she] must show that the other party has breached or repudiated the accord” (Brauer v Central Trust Co., 77 AD2d 239, 246 [1980]; see Plant City Steel Corp. v National Mach. Exch., 23 NY2d 472, 477 [1969]). Here, the Supreme Court correctly determined that no such showing was made. Pursuant to the terms of the contempt settlement, the time for the defendant to tender performance of its obligations was predicated, inter alia, on the Kaplans’ submission of certain applications to the New York State Department of Transportation, which they failed to do, as well as the plaintiffs execution of releases in favor of the defendant, which she did not do. Accordingly, there is no basis in the record to find that the defendant breached or repudiated the contempt settlement so as to require that the contempt matter be restored to the court’s calendar.
The plaintiff’s remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.